165 So. 783

## PATE v. STATE.

### 7 Div. 177.

Court of Appeals of Alabama.
Feb. 11, 1936.

See, also, 26 Ala.App. 487, 162 So. 571.

J. A. Johnson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

■ Under the uniform decisions of the appellate courts of this state, it has been held that the evidence of the mere finding of prohibited liquors upon the premises of the accused, where there is no evidence of scienter and nothing to connect the accused with the contraband liquor, a conviction upon such evidence may not be permitted to stand.

In this case it is undisputed that the searching officers found a small quantity of whisky in the home of this appellant in a secret and hidden device under a table. The evidence also shows that this appellant had been absent all day working on a schoolhouse, and that he returned home while the officers were still there, when he was placed under arrest. The undisputed testimony also tended to show that the table in question was the property of one Smith who had recently left there, and was unable to take his table in the car with him when he left. This evidence, also without dispute, was to the effect that the accused did not know the whisky was in the secret device in the table; that it was not his whisky; and that he had never had possession thereof. The burden was upon the state to prove, under the required rules of evidence, that this appellant was in the possession of the whisky in question. Having failed to offer sufficient evidence of this material fact, the defendant was entitled to his discharge. The defendant upon the trial of this case undertook in every conceivable manner to secure such ruling from the trial judge. In this connection the court erred to a reversal, necessitating a reversal of the judgment of conviction from which this appeal was taken. It is so ordered. The following authorities are conclusive of this question. Alford v. State, 26 Ala.App. 188, 155 So. 388, and cases cited.

Reversed and remanded.