The appellant, Ulysses McHellen, was charged with the possession of heroin, a controlled substance. The jury found the appellant guilty as charged and the trial court fixed punishment at five years in the penitentiary.
A search warrant was issued on August 19, 1976, for 1309 East Adams, Dothan, Alabama. The item named in the warrant was heroin, and the search was conducted at approximately 5:00 p.m. the same day.
Officer Robert Sorrells, an employee of the City of Dothan Police Department, Narcotics Division, testified that on August 19, 1976, he and two other officers conducted a search, pursuant to a warrant, of the residence of Ulysses McHellen. Officer Sorrells, on voir dire, testified that the search warrant was issued based upon information received from a reliable informer, who in the past had supplied information which had resulted in several convictions. The warrant stated that the informer had seen heroin at such address within the past three days.
Officer Sorrells testified that the appellant was served with the search warrant at his residence, and that he and one other officer searched the house while a third officer stayed near the appellant. Officer Sorrells stated that he found a water pipe (marijuana smoking device) in the den behind *Page 691 
a bar. Also found, according to Officers Sorrells, Lynn, and Smith, was a tin foil packet containing a white powdery substance. Officer Sorrells testified that he found the small foil packet containing the white powdery substance underneath a piece of linoleum rug in front of appellant's refrigerator in the kitchen area.
Charles F. Brooks testified that he was employed by the Enterprise Laboratory of the Alabama Department of Toxicology and Criminal Investigation. Brooks testified that on August 23, 1976, he received a large smoking pipe and a small sealed manila envelope identified as containing a white powder from Officer Sorrells. Brooks stated that he gave the pipe and white powdery substance, still in the manila envelope, to Tom Hopen, laboratory analyst from the Montgomery Laboratory.
Tom Hopen testified that he was employed by the Department of Toxicology and Criminal Investigation in Montgomery, Alabama. Hopen stated that on September 17, 1976, he received a manila envelope containing a white powdery substance, along with a pipe, from Charles Brooks. Hopen testified that he performed eight different chemical tests on the white powder, which consisted of a combination of color tests, thin layer chromatography tests, gas chromatography tests, and ultra violet spectroscopy tests. From these tests Hopen stated that he determined the substance to contain heroin. Hopen testified that in his opinion the street value of the heroin was "approximately twenty-five dollars ($25.00)."
The appellant testified that he lived at 1309 East Adams, Dothan, Alabama, and had lived at this address since 1938. According to the appellant, he was away from his house between twelve and thirteen hours a day, seven days a week. The appellant testified that he had rented a bedroom to a young lady in his home for the past three to five months. Also, according to the appellant, his daughter and her friends would sometimes spend the night at his home. The appellant denied any knowledge of the heroin being in his home.
 I
Appellant contends that the trial court erred in denying his "Motion to Quash the Search Warrant and Suppress Evidence." Since the search warrant appears nowhere in the record, and was not introduced by either the State or the defense, nothing is presented to this Court for review. Barbosa v. State, Ala.Cr.App., 331 So.2d 811.
 II
Appellant contends that the trial court erred in denying his motion for a mistrial. During direct examination of Officer Sorrells, the following occurred (R. pp. 17-18):
 "Q. All right. Was anything found as a result of this search?
"A. Yes, there was.
"Q. What was found?
 "A. A tin foil package, containing heroin. A water pipe, a marijuana smoking device. And a pistol that had been altered.
 "MR. SLAUGHTER: Your Honor, I would like to object to this testimony. May we approach the bench?
"THE COURT: Yes. Sustained.
 (Thereupon, an off the record discussion was held between the Court and the attorneys of record. After said discussion, the following proceedings were had, to-wit:)
 "THE COURT: Yes, I sustain the objection. Let me see the return on that thing.
 "MR. SLAUGHTER: I move for a mistrial. This whole situation was tainted.
 "THE COURT: I sustained the objection as to the Defendant about a pistol. And, I instruct the Jury not to consider that when they come to make up their verdict in this case. Any testimony concerning a pistol that was found as a result of this search should not and must not be considered by you Ladies and Gentlemen when you come to make up your verdict in this case. All right.
"MR. SLAUGHTER: I request a mistrial. *Page 692 
"THE COURT: And I deny your motion. Let's go ahead."
Appellant contends that the trial court should have excluded Officer Sorrell's testimony concerning the "water pipe, a marijuana smoking device." As can be seen, appellant made a general objection to Officer Sorrell's testimony after which an off-the-record discussion was held between the court and the attorneys of record. The trial court then sustained appellant's objection as to the pistol. The appellant did not receive an adverse ruling by the trial court since we do not know what ground of objection, if any, was related to the trial court during the off-the-record discussion. From the record it appears that appellant was satisfied with the court's ruling since no further objection or specific objection was made. Therefore, the trial court properly denied appellant's motion for a mistrial. Gibbs v. State, Ala.Cr.App., 342 So.2d 448.
As to the testimony concerning the pistol, the trial court took the necessary steps to remove any possible prejudicial effect the testimony may have had. Thus, no error is shown.Adair v. State, 51 Ala. App. 651, 288 So.2d 187; Retowsky v.State, Ala.Cr.App., 333 So.2d 193; Napier v. State, Ala.Cr.App., 337 So.2d 62.
Further, the testimony concerning the "water pipe" was properly admitted. Brantley v. State, 294 Ala. 344,317 So.2d 345.
 III
Appellant contends the trial court erred in refusing a requested written charge which read as follows (R. p. 81):
 "To sustain a guilty verdict the State must prove beyond a reasonable doubt that the Defendant knew of the presence of the prohibited substance."
The trial court, in its oral charge, substantially covered the written requested charge quoted above. Therefore, its refusal is not error. Tooson v. State, 56 Ala. App. 613,324 So.2d 327, cert. denied 295 Ala. 426, 324 So.2d 333; Young v.State, 283 Ala. 676, 220 So.2d 843; Title 7, Section 273, Code of Alabama 1940, Recompiled 1958.
 IV
Appellant contends that the trial court erred in denying his motion for a new trial due to the fact that the State did not prove, beyond a reasonable doubt, that the appellant knew of the presence of the heroin in question.
In Daniels v. State, 49 Ala. App. 654, 275 So.2d 169, this Court stated:
 "In a prosecution for unlawful possession of narcotics it is not necessary to prove manucaption but constructive possession may be shown, and where such possession is relied upon the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. Rueffert v. State, 46 Ala. App. 36, 237 So.2d 520; Spruce v. State, 43 Ala. App. 487, 192 So.2d 747. See cases in 16 Alabama Digest, Poisons, Keynote 9.
 "Such guilty knowledge may be established by circumstantial evidence and guilt does not necessarily depend upon ownership. Parks v. State, 46 Ala. App. 722, 248 So.2d 761."
We think the evidence sufficiently supported an inference for the jury's consideration that appellant knew the controlled substance was in his house:
 (a) Appellant was home when the search was made and had lived at such address since 1938.
 (b) Even though appellant testified that he rented one bedroom to a young lady, the heroin was found in the kitchen area, a neutral part of the house.
 (c) The heroin was found underneath a loose piece of linoleum tile in front of a refrigerator, a place which is not easily unnoticed.
Where the evidence raises a question of fact for the jury, and such evidence, if believed, is sufficient to sustain the conviction, the overruling of a motion for a new trial does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843;Fields v. State, Ala.Cr.App., 333 So.2d 861, and authorities *Page 693 
therein cited; Henderson v. State, Ala.Cr.App., 347 So.2d 540, cert. quashed, Ala., 347 So.2d 543.
We have carefully examined this record and find no error therein.
The judgment is
AFFIRMED.
All the Judges concur.