366 So.2d 740 (1978)
Herbert TEMPLE
v.
STATE.
6 Div. 813.
Court of Criminal Appeals of Alabama.
December 19, 1978.
Rehearing Denied January 16, 1979.
*741 Stephen R. Arnold of Jones, Arnold & Roden, Birmingham, for appellant.
William J. Baxley, Atty. Gen., and James L. O'Kelley, Birmingham, Asst. Atty. Gen., for the State, appellee.
BOWEN, Judge.
The appellant was indicted and convicted for the unlawful possession of cocaine in violation of The Alabama Controlled Substances Act. Section 20-2-20, Code of Alabama 1975. Sentence was set at thirty months' imprisonment.
The only question presented on appeal is the legal sufficiency of the State's evidence in proving the appellant's possession of cocaine. The only disputed fact is the appellant's knowledge of the presence of the cocaine. The remaining facts are undisputed.
The appellant resided with his wife and four children at 200116th Avenue North, Birmingham, Alabama. On August 12, 1977, several officers of the Birmingham Police Department executed a search warrant at this address. Entry was gained only after four series of knocks and a three or four minute waiting period. Mrs. Temple opened the door. The only occupants in the house were Mrs. Temple and her children. The appellant was at work.
A small amount of cocaine (1.153 grams) was found in a Goody's Headache Powder packet located in the freezer compartment of the refrigerator in the kitchen. Though the search was not limited to the kitchen no other drugs were found. Four days later the appellant was arrested. These facts constitute the entire case of the State. No information concerning the search warrant or the basis for probable cause was introduced or offered.
The appellant testified that he had no knowledge of the presence of the cocaine; that his kitchen had been recently remodeled and that several workmen had access to the refrigerator.
The specific question is whether the presence of a prohibited drug located in the refrigerator in the kitchen of the residence of the accused and his family constitutes evidence of constructive possession by the accused?
Knowledge by the accused of the presence of the controlled substance is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under The Alabama Controlled Substances Act. Walker v. State, 356 So.2d 672 (Ala.1977). Such guilty knowledge may be established by circumstantial evidence. Walker v. State, 356 So.2d 674, 675 (Ala.Cr.App.), cert. denied, 356 So.2d 677 (Ala.1978). It may be proved by evidence of acts, or conduct of the accused, from which it may be fairly inferred that he knew of the existence of the narcotics at the place where they were found. Walker, 356 So.2d at 676. Where constructive possession is relied on the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. Daniels v. State, 49 Ala.App. 654, 275 So.2d 169 (1973). Proof of constructive possession alone will not justify a conviction. Cook v. State, 341 So.2d 183 (Ala.Cr.App.1976); Coker v. State, 25 Ala.App. 191, 143 So. 206 (1932).
In McHellen v. State, 351 So.2d 689 (Ala.Cr.App.1977), this Court held that the evidence presented a jury question on the issue of the knowledge of the accused of the presence of heroin.
"We think the evidence sufficiently supported an inference for the jury's consideration that appellant knew the controlled substance was in his house:
(a) Appellant was home when the search was made and had lived at such address since 1938.
(b) Even though appellant testified that he rented one bedroom to a young lady, the heroin was found in the kitchen area, a neutral part of the house.
(c) The heroin was found underneath a loose piece of linoleum tile in front of a refrigerator, a place which is not easily unnoticed."

McHellen, 351 So.2d at 692. (Emphasis added) *742 McHellen does not stand for the proposition that the mere fact that narcotics are found in a "neutral" area of a house jointly occupied by the accused and another person will support an inference that the accused had knowledge of the presence of the controlled substance. McHellen coupled ownership and occupancy with the relatively obvious location of the drugs to supply the inference of knowledge.
When the accused does not have the exclusive possession of the premises where a controlled substance is found, some other corroborating circumstance must exist before he can be convicted of illegal possession. This is clearly demonstrated in the situation where drugs are found in an automobile occupied by several persons. The mere presence of an accused in an automobile containing drugs is not sufficient to establish that the accused had knowledge of their presence. Roberts v. State, 349 So.2d 89, 91 (Ala.Cr.App.), cert. denied, 349 So.2d 94 (1977); Parks v. State, 46 Ala.App. 722, 724, 248 So.2d 761 (1971); Pryor v. State, 48 Ala.App. 465, 265 So.2d 907 (1972). However knowledge of the presence of drugs may be inferred from the accused's possession, control and ownership of the vehicle. Roberts, supra; Kinard v. State, 335 So.2d 916, 920 (Ala.Cr.App.), reversed on other grounds, 335 So.2d 924 (Ala.1976).
The well established rule in cases involving possession of prohibited liquors is that where illegal beverages are found on the premises of an accused during his absence, and other persons also occupy the premises, then the circumstance of the beverage being found on the premises is not sufficient, without more evidence, to establish scienter to the degree required to support a conviction for illegal possession. Clayton v. State, 22 Ala.App. 276, 114 So. 787 (1927) (Liquor found in the back part of a pressing shop owned by accused and evidence that others had recently been in back of shop was insufficient); Huckabaa v. State, 23 Ala.App. 333, 125 So. 202 (1929) (Fact that whiskey was found in the home of the accused when he was absent, but his wife was present, in a receptacle in the dining table and under one of the leaves will not support a conviction); Duncan v. State, 25 Ala.App. 197,143 So. 201 (1932) (Evidence that accused came from bathroom where whiskey container had been broken in commode was insufficient); Cunningham v. State, 26 Ala.App. 312, 159 So. 267 (1935) (Evidence disclosed that defendant was very old, sick, and bedridden for two months before raid and did not know of presence of whiskey in an old trunk, while only evidence tending to connect him with whiskey was that those who attended him occasionally gave him from a cup some eggs with whiskey in them, insufficient); Pate v. State, 27 Ala.App. 73, 165 So. 783 (1936) (Whiskey found in the home of accused in a secret and hidden device under a table, which belonged to another who had recently left and had been unable to take his table with him in his car, insufficient); Bivens v. State, 27 Ala.App. 304,171 So. 755, cert. denied, 233 Ala. 304, 171 So. 756 (1936) (Whiskey found in a sack of peanuts in one of the back rooms of the house when the accused was not home and evidence disclosed that two other men lived in the same house was insufficient); Wilbanks v. State, 28 Ala.App. 456, 185 So. 770 (1939) (The bare fact that the accused was the husband of the woman who owned and occupied the home in which the beer and whiskey were confiscated was insufficient to support conviction); Lance v. State, 28 Ala.App. 571, 190 So. 108 (1939) (Fact that whiskey found under kitchen floorby means of raising a loose plankstanding alone was not sufficient to support conviction); Thurman v. State, 29 Ala.App. 394, 196 So. 748 (1940) (Whiskey and some empty beer cans and bottles found in different places, adjacent to defendant's home and premises, while defendant and his wife were absent therefrom was insufficient); Grimes v. State, 38 Ala.App. 94,97, 76 So.2d 684 (1954) (Whiskey found in a churn under a table in kitchen of house where the accused, his wife, and another lady lived is insufficient to show knowledge by accused. Grimes listed other factual situations as we have done here. The court noted that, "A four gallon churn in a kitchen, a domain *743 usually controlled by the [woman] of a house, is hardly an object which in itself would create suspicion on the part of the average male or give notice as to its illegal contents. Certainly such fact is insufficient to overcome appellant's presumption of innocence."); Kennedy v. State, 39 Ala.App. 588, 106 So.2d 257 (1958) (The finding of whiskey in a pitcher in the kitchen and of the whiskey in the sink trap, coupled with the defendant's being in the doorway between the kitchen and the living room when presented with the search warrant, were sufficient to allow the jury to infer that he, the head of the household, was the possessor of the almost disposed of whiskey). These examples are only a few of the many cases and different factual situations which support the proposition that the finding of liquor on the accused's premises in and of itself will not support a conviction without showing his knowledge or connection with it. Compare Cunningham, supra, with Williams v. State, 27 Ala.App. 548, 176 So. 314 (1937), in which the evidence was found to support a conviction for violating the prohibition law where the whiskey, to which no one else had access, was found in the defendant's room in a locked trunk, to which the defendant had the key. These principles are equally applicable to prosecutions for the possession of controlled substances. Walker, 356 So.2d at 674; Rueffert v. State, 46 Ala.App. 36, 39, 237 So.2d 520 (1970).
A review of these and numerous other cases convinces this Court that the law in Alabama is clear that where a person is in possession, but not exclusive possession of premises, it may not be inferred that he knew of the presence of any controlled substance found there unless there are other circumstances tending to buttress this inference. 56 A.L.R.3d 948, 957 (1974). See also Mulligan v. State, 513 P.2d 180 (Wyo.1973); Feltes v. People, 178 Colo. 409, 498 P.2d 1128 (1972). This holding is simply a corollary of the presumption of innocence and the rule that to convict a person on circumstantial evidence it is necessary that the evidence exclude all rational conclusions except that of the defendant's guilt. Campbell v. State, 28 Ala.App. 240, 182 So. 89 (1938); Copeland v. State, 23 Ala.App. 91, 121 So. 445 (1929). While nonexclusive possession may raise the suspicion that all occupants had knowledge of the contraband found, a mere suspicion is not enough. Campbell, supra. What is required is some evidence that connects the defendant with the contraband that is found.
While the kinds of circumstances which may provide a connection between a defendant and the contraband are unlimited and will naturally depend on the facts of each particular case, 56 A.L.R.3d 948 (1974), it has been generally stated that:
"The kinds of circumstances which provide such a connection are: (1) evidence that excludes all other possible possessors; (2) evidence of actual possession; (3) evidence that the defendant had substantial control over the particular place where the contraband was found; (4) admissions of the defendant that provide the necessary connection, which includes both verbal admissions and conduct that evidences a consciousness of guilt when the defendant is confronted with the possibility that an illicit drug will be found; (5) evidence that debris of the contraband was found on the defendant's person or with his personal effects; (6) evidence which shows that the defendant, at the time of the arrest, had either used the contraband very shortly before, or was under its influence.
"The kinds of evidence which might be relevant, but which by themselves do not add the necessary connection are: (1) admissions of previous use; (2) conduct that might be construed as evidencing a consciousness of guilt which was not displayed upon the defendant's confrontation of the possibility that an illicit drug would be discovered; (3) evidence of previous use; (4) evidence that showed the defendant's physical proximity to the contraband."
9 Land and Water L.Rev. 236, 248-249 (1974).
There was not one single circumstance here that would tend to connect the *744 appellant with the cocaine other than the fact that the drug was found in the refrigerator of the kitchen in his home while he was at work. This simply will not sustain a conviction for possession.
"To permit a conviction of this character to stand upon such testimony would be unconscionable. It would be an exceedingly dangerous precedent to hold that the mere finding of prohibited liquor in the home of a citizen, with nothing to connect the accused therewith, and nothing to indicate or to impute any knowledge of the fact to him, is sufficient to deprive him of his liberty and brand him as a criminal before the world. If such were the law, every citizen would be at the mercy of an enemy who by merely surreptitiously placing the inhibited article in the home of his enemy could wreak his vengeance through the aid of the law in this dastardly manner. The law contemplates no such condition, nor will the courts countenance such a thing. The law in its wisdom provides that every person charged with crime is presumed to be innocent, and this presumption is not an empty or meaningless provision; to the contrary, it is regarded as evidence in behalf of the accused, and attends him as such throughout the trial, or until the presumption is overcome by legal evidence which shows his guilt beyond all reasonable doubt and to a moral certainty. Conjectures, suspicions, hatred, prejudices, conclusions, and guesswork have no place in the proper administration of the law; and to willfully hold otherwise would do violence to the conscience and integrity of the person so doing, be he judge, juror, officer, or witness."

Talbot v. State, 23 Ala.App. 559, 129 So. 323 (1930), quoted in Bivens v. State, 27 Ala.App. 304, 305, 171 So. 755, cert. denied, 233 Ala. 304, 171 So. 756 (1936).
Since the evidence is insufficient to sustain the jury's verdict this case must be reversed and rendered. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
REVERSED AND RENDERED.
All Judges concur.

ON REHEARING
BOWEN, Judge.
Though it has no bearing on the legal conclusions and principles involved, we will extend our opinion to include the fact that there was testimony presented that the refrigerator where the cocaine was found was located in the kitchen of the apartment where the appellant and his family resided. The appellant testified that he was "remodeling the kitchen, front bedroom, remodeling the whole house really"; that this was going on about a month before and even after August 12th, the date the cocaine was found; and that some days there would be four and some days six workmen coming and going from his home on a regular basis.
No argument is presented on application for rehearing that was not considered by this Court in writing our initial opinion. Therefore the application is denied.
APPLICATION OVERRULED; OPINION EXTENDED.
All Judges concur.