Robert C. Coleman was indicted by the Montgomery County Grand Jury for the unlawful, willful, and felonious possession of marijuana contrary to the provisions of the Alabama Controlled Substances Act, § 20-2-70, Code of Alabama 1975. The appellant waived his right to jury trial. The trial court, after conducting colloquy with appellant and appellant's counsel, found this waiver to be knowing and intelligent. Consequently, the trial court heard the evidence, found the appellant guilty as charged, and set sentence at ten years imprisonment in the penitentiary.
The appellant's motion for a new trial, challenging the weight and sufficiency of the evidence was denied.
On February 8, 1980, Agent Charles West of the Alabama Alcoholic Beverage Control Board, attached to the State Narcotics Unit, conducted a search of the appellant's residence at 808 Alma Drive, Montgomery, Alabama. Agent West was assisted by other agents and officers, including Agent Grady Gibson of the ABC Board and Officer J.E. Kyser of the Montgomery Police Department. The agents were executing a search warrant issued the previous afternoon after Agent West received reliable information that the appellant had been seen selling marijuana inside his residence at 808 Alma Drive a few days before February 7.
The agents and officers were admitted to the residence by Lillie Mae Coleman, the appellant's sister, and Jessie Lee Wright, a male companion. The appellant was not present when the search began, but he *Page 84 
drove by without stopping while the search was in progress. One of the officers involved in the search saw the appellant as he passed, pursued him by automobile, and brought him back to the residence where the appellant was placed under arrest.
During the search, Agent Gibson found brown plant material, later identified as 1.5 grams of marijuana, under a chair cushion in the front room of the house. Officer Kyser found similar plant material, identified as 0.5 grams of marijuana, and a set of scales of the type used in drug trafficking in the kitchen in a drawer next to the sink. Officer Kyser also found approximately 3.7 pounds of marijuana under the hood of a Mercury Cougar automobile parked behind and up against the residence. In the bedroom Agent West found a water bill addressed to the appellant at 808 Alma Drive.
The appellant confirmed the fact that 808 Alma Drive was his residence. There was no evidence of any other permanent residents at this address, although there was evidence that appellant's sister, Cellestine Hunt, occasionally stayed overnight when she had marital problems.
The ownership of the Cougar automobile was in dispute. It was registered to the appellant, the initial purchaser, but ownership was claimed by Cellestine Hunt. The trial disposed of this aspect of the case by ruling that there was sufficient evidence inside the residence to support a finding of possession.
 I
The sole issue presented on appeal is whether or not there was sufficient evidence of appellant's knowledge of the presence of marijuana inside his residence to establish a prima facie case for possession.
A well settled Alabama rule in cases of this type, where actual possession cannot be proven, is that constructive possession can be relied on if the prosecution proves beyond a reasonable doubt that the defendant had knowledge of the presence of the prohibited substance. Daniels v. State,49 Ala. App. 654, 275 So.2d 169 (1973); McHellen v. State, Ala.Cr.App., 351 So.2d 689 (1977); Green v. State, Ala.Cr.App.,384 So.2d 1215 (1980). Such knowledge may be proven by circumstantial evidence. Parks v. State, 46 Ala. App. 722,248 So.2d 761 (1971); Henderson v. State, Ala.Cr.App.,347 So.2d 540, cert. quashed, Ala., 347 So.2d 543 (1977).
The test for the sufficiency of the circumstantial evidence required to present such evidence to a jury (the trier of fact) is whether or not facts are presented from which a jury might reasonably infer that the crime has been committed. Cumbo v.State, Ala.Cr.App., 368 So.2d 871, cert. denied, Ala.,368 So.2d 877 (1978) and cases therein cited. So the threshold question based on facts presented is not whether or not the trial court views the facts as excluding every reasonable hypothesis except that of the defendant's guilt but whether or not a jury might so infer. Cumbo, supra. Once this threshold is satisfied the issue is properly submitted to the trier of fact. A conviction is then justified only where the fact-finder is convinced beyond a reasonable doubt that the evidence establishes guilt. Cumbo, supra.
Having reviewed the evidence in this case, we are of the opinion that the circumstances of this case, when taken collectively, are sufficient for a jury to infer guilty knowledge. There was uncontroverted evidence that the appellant had sold marijuana in his residence a few days prior to the search. Marijuana was found in two separate rooms inside his residence. A set of scales of the type used in drug trafficking was found in appellant's kitchen. There was no evidence of the presence of strangers or of other permanent residents at 808 Alma Drive, his home. The appellant did not stop at his home when he apparently saw search in progress. Instead he fled and had to be chased and brought back by a police officer. He made no attempt to explain his actions. While any one of these factors might be insufficient by itself, when considered in totality they will justify an inference by a jury that the appellant had knowledge of the presence of marijuana in his residence. *Page 85 
Appellant contends that none of the circumstances of this case provides the connection between appellant and the contraband sufficient to prove knowledge. He bases the contention on Temple v. State, Ala.Cr.App., 366 So.2d 740
(1978), which set out six kinds of circumstances commonly used to support a finding of knowledge sufficient to prove constructive possession. Without ruling on the application of the circumstances listed in Temple we need only point out that the list was not exclusive. The kinds of circumstances which could be used to establish knowledge are unlimited and depend upon the specific facts of each case. Temple, supra, at 743.
We also make reference to the general rule of Temple, that knowledge could not be established by the mere presence of a controlled substance on the premises of the accused where he was in possession but not "exclusive possession." Though we find it unnecessary to decide the issue of "exclusive possession" in this case, an argument could be made that appellant was in exclusive possession of 808 Alma Drive such that the mere presence of a controlled substance on the premises would satisfy the knowledge requirement.
We are not unmindful of the fear expressed in Temple that liberal application of circumstantial evidence might run contra to the defendant's presumption of innocence such that innocent parties could be convicted if enemies were to plant illegal drugs in their residences. This fear was present in Temple
because facts showed the presence of strangers and no facts showed circumstances which connected appellant with the illegal drugs. But Temple did not set out a general rule by which a drug trafficker could avoid conviction by being absent during the search of his residence and by having associates visit occasionally. On the contrary, the rule applied was a narrow one based on Temple's peculiar facts.
For the reasons noted above the circumstances of this case would justify submitting this case to a jury. Whereas, as here, the case was tried without a jury, the trial court becomes the trier of fact and its verdict has the weight of a jury verdict.Kelly v. State, 273 Ala. 240, 139 So.2d 326 (1962).
We have carefully reviewed the record on appeal and conclude that there was sufficient evidence for the court below to find guilty knowledge. The case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.