Certiorari was granted by this Court to review the decision of the Court of Criminal Appeals in Campbell v. State ofAlabama, 439 So.2d 718 (Ala.Cr.App. 1983). The dispositive issue is whether a statement made by Willie Charlie Campbell, the defendant/appellant, in the presence of law enforcement officials, was sufficient as a matter of law to support an inference by the jury that the appellant had knowledge and thus constructive possession of the methaqualone. A synopsis of the pertinent facts of this appeal is as follows:
Lt. Aycock, a member of the Sheffield Police Department and one of the law enforcement officials who participated in the search of the residence at 506 West Grand, stated that items of men's and women's clothing were found in the bedroom of Sheryl Davenport, the room where the drugs were discovered. Testimony at the trial indicated that although Campbell kept some clothes in Sheryl Davenport's bedroom, he slept on the sofa in the living room when he stayed overnight. This was the only evidence actually linking Campbell to the drugs found in the bedroom.
In the following passage from its opinion, the Court of Criminal Appeals states:
 "When constructive possession is relied on, the State must also prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Yarbrough v. State, 405 So.2d 721 (Ala.Crim.App. 1981). . . . Where the accused is not in exclusive possession of the premises, however, this knowledge may not be inferred `unless there are other circumstances tending to buttress this inference.' Temple [v. State, 366 So.2d 740
(Ala.Cr.App. 1978)], supra. Judge Bowen, writing for this court in Temple, enumerated several circumstances which may provide the necessary connection between an accused and contraband to buttress the inference that he knew of its presence. One of the circumstances enumerated is an admission by the defendant tending to show his connection with the drugs."
439 So.2d 718 (Ala.Cr.App. 1983).
The testimony by Lt. Aycock and Colbert County Deputy Sheriff May concerning the details of Campbell's statement differed. Lt. Aycock testified that Campbell said, "Those kids doesn't [sic] know anything about that stuff," while Deputy May testified the statement was "You know that stuff is not theirs." Likewise, Lt. Aycock's testimony that the conversation between Campbell and him took place in the hallway outside the room where Campbell was being questioned was inconsistent with Deputy May's testimony that he heard the conversation in the interrogation room.
In Batson v. Birmingham Trust Savings Co., 241 Ala. 629,632, 4 So.2d 307, 310 (1941), we stated that "[w]hen the existence of a fact is sought to be established by provinganother fact, the fact so proven must be a fact from which theexistence of the fact sought to be proven can be naturally andrationally inferred or presumed." We do not think either statement without further evidence is sufficient in this instance to constitute an admission by Campbell from which a jury could "naturally" or "rationally" infer or presume that he in fact had knowledge of the methaqualone.
Because Campbell's statement could in no way support a rational inference by the jury that he had knowledge of the drugs, the state failed to prove beyond a reasonable doubt that the accused had constructive possession of the controlled substance. See County Court of Ulster City v. Allen,442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979). See alsoEx parte Story v. State, 435 So.2d 1365 (Ala. 1983) (there was reasonable doubt as to appellant/passenger's knowledge of drugs discovered in a cosmetic bag or man's shaving kit (State's Exhibit 1) on the floorboard under the passenger's seat of an automobile, especially in view of testimony by a witness that he could not be sure whether State's Exhibit 1 was in fact the bag he had seen in appellant's hand. *Page 725 
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.