Appellant, Tommy Grubbs, was indicted and convicted for the unlawful possession of various controlled substances in violation of the Alabama Uniform Controlled Substances Act. Sentence was set at three years' imprisonment, suspended, with four years' probation.
In February 1980, the Jefferson County Sheriff's Department began surveillance of James Bunton's residence at 212 84th Street South, Birmingham, Alabama. Appellant was an occasional visitor at Bunton's home, with his own residence being in Irondale, Alabama. Sergeant Jim Phillips testified that, during his surveillance, appellant was at Bunton's residence a "majority of the time" and some mornings appellant's automobile was still parked at Bunton's residence. On April 30, 1980, a search warrant was obtained based on the surveillance and information from an informant.
The search warrant was executed at 7:25 p.m., on May 1, 1980. Sergeant Phillips and Deputy Rick Thrasher knocked on the front door and were admitted by Bunton. As they entered from the front, Deputy J.E. Brooks was at the back door looking *Page 997 
inside at the kitchen area. Appellant was standing in the doorway between the living room and kitchen, facing away from the kitchen. As the officers entered the living room they found two more visitor's seated in the living room. Appellant stayed in the living room during the search and Bunton accompanied the officers as they went through his residence.
No controlled substances were found in the living room. Most of the contraband was in the bedroom, except for a four pound brick of marijuana found in a plastic bag on the kitchen table.
At trial, Mary A. Rhodes, an analytical chemist with the Alabama Department of Forensic Sciences, testified as to the amount and quality of the drugs. After the officers testified, the evidence showed that one butabarbital capsule, three darvon capsules, and two valium tablets were found in what was identified as Bunton's bedroom.
The issue on appeal is whether the trial court erred in denying appellant's motion for dismissal. Appellant asserts that the motion should have been granted because the State's evidence was insufficient to prove constructive possession.
Clearly, appellant was not in actual possession of the drugs or marijuana. There was no evidence of any controlled substance found on his person. Possession may be proven by showing "(1) actual or potential physical control, (2) intention to exercise dominion, and (3) external manifestations of intent and control." Radke v. State, 52 Ala. App. 397, 293 So.2d 312
(Ala.Crim.App.), aff'd, 292 Ala. 290, 293 So.2d 314 (Ala. 1974). Constructive possession arises only where the illegal substance is found on premises owned or controlled by the accused. Williams v. State, 340 So.2d 1144 (Ala.Crim.App. 1976), cert. denied, 340 So.2d 1149 (Ala. 1977).
Recently, in Sturdivant v. State, 439 So.2d 184
(Ala.Crim.App. 1983), similar facts were presented; upon executing a search warrant, police found a male and a female occupant of an apartment and they were arrested for possession of illegal substances. The male appellant was in a back bedroom where the contraband was found. Items of clothing for men and women were found in the bedroom and the television was playing. This court stated:
 "The circumstances as a whole were sufficient to convince a jury that the defendant was not just a momentary visitor in the particular apartment where the marijuana was found and that he, either singly or jointly with the other occupant, had constructive possession of the drug. Appellant's present position would be stronger, if at the time of the search by the officers, there had been evidence that the apartment was owned or rented by the other occupant, rather than appellant, but the evidence was silent on this point."
439 So.2d at 186. Looking at the "circumstances as a whole," the evidence in the present case is not enough to convince a jury that appellant was more than a visitor. There was no evidence that any of appellant's clothing or belongings were in Bunton's residence. It was undisputed that Bunton owned the house and there was no evidence that appellant lived at the residence at 212 84th Street.
While non-exclusive possession may raise a suspicion that all the occupants had knowledge of the contraband found, a mere suspicion is not enough. Some evidence that connects a defendant with the contraband is required. Generally, the circumstances that provide that connection include:
 "(1) evidence that excludes all other possible possessors; (2) evidence of actual possession; (3) evidence that the defendant had substantial control over the particular place where the contraband was found; (4) admissions of the defendant that provide the necessary connection, which includes both verbal admissions and conduct that evidences a consciousness of guilt when the defendant is confronted with the possibility that an illicit drug will be found; (5) evidence that debris of the contraband was found on *Page 998 
defendant's person or with his personal effects; (6) evidence which shows that the defendant, at the time of the arrest, had either used the contraband very shortly before, or was under its influence."
Temple v. State, 366 So.2d 740 (Ala.Crim.App. 1978). Of these circumstances, all fail to connect appellant with the contraband. The only possible circumstance that could connect appellant would be a showing that appellant had substantial control over the place where the contraband was located.
The State argues that appellant's access to Bunton's residence showed appellant's control over the premises. Sergeant Phillips testified that, during his surveillance, he observed appellant arriving at Bunton's residence and letting himself in the front door. On cross-examination, Phillips qualified his statement that he made on direct examination that appellant appeared to have a key to the residence:
 "Q [Mr. Smith]: But what I'm asking you, Sergeant, before you were very careful to make a statement that he appeared to have a key?
"A Yes, sir.
"Q And you said it for one reason?
"A Yes, sir.
 "Q Because you didn't know that he had a key and that's the reason you said it, wasn't it?
"A Well, I based it on a judgment type call.
"Q It was a judgment call but you didn't see it?
 "A Well, I saw keys in his hands when he got out of his car and I saw keys stay in his hand and never saw him go to his pocket. I never saw him put the keys in his pocket so I made a judgment call so therefore he never put the keys in his pocket. He made motions at the door. However, it could have been just turning the door knob."
Phillips later stated that he never saw appellant insert a key into the lock on the door. He also admitted that he was not in a position to tell if someone inside the residence could have told appellant to enter in response to his knock on the door. This access, alone, is not enough to show substantial control over the residence of someone else.
Further, the record indicates, that while appellant was between the kitchen and the living room when Deputy Brooks saw him through the rear door, appellant made no move that would show conduct on his part to evidence a consciousness of guilt when confronted with the possibility that an illicit drug would be found. Appellant made no admission, verbally or through his conduct, that would connect him with the contraband.
The State points out that evidence of appellant's physical proximity to the contraband is relevant. But this evidence alone does not "add the necessary connection" between appellant and the contraband and, thus, does not give rise to an inference that appellant knew of the presence of any controlled substance. Temple, supra, at 743. When constructive possession is relied upon, the State must prove knowledge of the prohibited substance beyond a reasonable doubt. Yarbrough v.State, 405 So.2d 721 (Ala. 1981), Hancock v. State,368 So.2d 581 (Ala.Crim.App.), cert. denied, 368 So.2d 587 (Ala. 1979). Where the accused is not in exclusive possession, however, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference. Temple, supra. There was insufficient evidence presented at trial to show any of the circumstances required to establish a connection between appellant and the marijuana on the kitchen table. The State failed to show any evidence connecting appellant with the contraband found in Bunton's bedroom.
Because the evidence presented by the State could not support a rational inference by the jury that appellant had knowledge of the contraband, the State failed to prove beyond a reasonable doubt that the appellant had constructive possession of the controlled substances. Ex parte Campbell, 439 So.2d 723
(Ala. 1983), Ulster County *Page 999 Court v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777
(1979).
REVERSED AND RENDERED.
All the Judges concur.