PATTERSON, Presiding Judge.
The appellant, James Edward White, was convicted after a jury trial of unlawful possession of marijuana in the first degree, in violation of § 13A-12-213; unlawful possession of a controlled substance, in violation of § 13A-12-211; and failure to pay the drugs and controlled substances excise tax, in violation of § 40-17A-9, Code of Alabama 1975. He was sentenced to 10 years’ imprisonment in each case, with the sentences to run concurrently, and was fined $2,500. He raises two issues on appeal; however, because we reverse, we need address only the issue regarding sufficiency of the evidence.
The State contends that the appellant failed to preserve the issue of sufficiency of the evidence for review. At trial, the appellant moved for a judgment of acquittal as follows:
“MR. SMITH [defense counsel]: ... I move the Court for a directed verdict of acquittal on the grounds that the premises that were searched was based on a felonious affidavit, that they belonged to another party besides the defendant, and that that other party has claimed merchandise, that that’s the true tenant of the building. And I don’t believe that that could stand under any circumstances.
“THE COURT: Counsel, you may well reverse me on this one, but I’m going to deny your motion ... and deny your *440 verdict as such. You have your exceptions.
Is there anything further before we bring the jury back?
“MR. SMITH: No, Sir.”
The State contends that the appellant’s motion was inadequate to preserve the sufficiency of the evidence because the motion was based on the inadequacy of the search warrant and that such a specific objection waives all other grounds. Although the appellant’s motion was inartfully worded, we believe it was adequate to preserve the issue of sufficiency for review.[1]
At trial, the State’s evidence' tended to show the following: On November 26, 1990, having received information that the appellant was selling drugs from an apartment at 2110 Williamson Street in Gunters-ville, officers from the Marshall County Sheriff’s Office obtained a search warrant for that residence. Officers found the appellant, his wife Kathy White, and his blind half-brother, James Martin, in the residence. The officers recovered a pistol from Martin and one near the appellant that the appellant did not claim. They seized $51 from the appellant. In the kitchen, the search revealed two sets of scales and 62 tablets of dihydrocodeinone, a controlled substance, in an amber bottle among the canned goods. In the hall closet, they found an upright tool box that contained over $46 in change and bags of marijuana. Officers also found bags of marijuana in a chest of drawers in Martin’s bedroom.
At the time of the search, the appellant denied any ownership or knowledge of either the marijuana or the dihydrocodein-one. The apartment belonged to Martin and was leased by him from the Gunters-ville Housing Authority. Kathy White stated to the officers that she and the appellant had been staying there “for a while” because White’s mother had other family staying with her at the time. At trial, one investigator conceded that the appellant lived at his mother’s house.
The State produced no evidence, other than the appellant’s presence in the apartment when the search warrant was executed, linking him to the dihydrocodeinone or the marijuana found in Martin’s bedroom. The only evidence that linked the appellant to the tool box in the closet containing the marijuana was in the following exchange between the prosecutor and Investigator Bob Norwood:
“Q. Did you do any other questioning that night?
“A. Yes. There was tools being found in the hall closet where some of the contraband was being found. And as the contraband was being found, tool pouches and things of this nature were being pulled out. We would ask “[‘w]ho does this tool pouch or who do these tools belong to[?’]. On two occasions, I think, it was a tape measurer and some kind of a workman’s pouch that would — I don’t know if it was an electrician’s pouch or a carpenter’s pouch. It was some sort of a pouch. I was told by Ed White that it was his, that belonged to him.
“Q. And this was in the tool box in the closet?
“A. It was in a closet in a tool pouch. “Q. Okay.
“A. A leather tool pouch.
“Q. Okay. And is that the same closet where marijuana was found?
“A. That’s correct.”
This court has summarized the law of constructive possession as follows:
“When, as in this case, constructive possession is relied on, the State must also adduce some facts or circumstances *441 from which the jury could find beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Ex parte Story, 435 So.2d 1365 (Ala.1983); Lyons v. State, 455 So.2d 295 (Ala.Cr.App.1984); Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978). Additionally, ‘knowledge by the accused of the presence of the controlled substances is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under the Alabama Controlled Substances Act.’ Temple, 366 So.2d at 741. See also Walker v. State, 356 So.2d 672, 674 (Ala.1977), and § 20-2-80(2). Such knowledge may, and usually is, established by circumstantial evidence. Walker v. State, 356 So.2d 674, 675 (Ala. Cr.App.1977), cert. denied, 356 So.2d 677 (Ala.1978).
“When an accused has exclusive possession of the premises, where contraband is discovered, a logical inference arises that the accused had knowledge of the presence of the contraband. See Grubbs v. State, 462 So.2d 995 (Ala.Cr. App.1984). However, when an accused ‘is in possession, but not exclusive possession of premises, it may not be inferred that he knew of the presence of any controlled substance found there unless there are other circumstances tending to buttress this inference.... What is required is some evidence that connects the defendant with the contraband that is found.’ Temple, 366 So.2d at 743.”
Korreckt v. State, 507 So.2d 558, 564-65 (Ala.Cr.App.1986). The State simply failed to produce evidence connecting the appellant with any of the contraband “from which the jury could find beyond a reasonable doubt that the accused had knowledge of [its] presence.” Id.
“In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.”
Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr. App.1978), cert. denied, 368 So.2d 877 (Ala. 1979) (citations omitted). We conclude that the jury could not exclude every reasonable hypothesis except that of guilt. Because the underlying possession convictions are reversed, the conviction for failure to pay the drug excise tax must be reversed as well.
Based on the foregoing, the judgment of the circuit court is reversed and a judgment rendered.
REVERSED AND JUDGMENT RENDERED.
BOWEN, TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., dissents without opinion.

. We also note that the appellant moved for a judgment of acquittal at the sentencing hearing, saying, in pertinent part, as follows:
"MR. SMITH: We move the Court for a Oludgment of [a]cquittal [n]on [o]bstante [v]er-dicto on the grounds that the State searched the wrong premises, the premises of another instead of the defendant.
"And the presumption is that the property found was the property of the occupant of the premises. And not only that, the occupant of the premises freely admitted that the marijuana found was his.”
This motion was also denied by the trial court. This motion too, would suffice under the circumstances to preserve the issue for review.