[1] The petition filed in this Court carried the name "Anshonetta Marie Tiller." The related case in the Court of Criminal Appeals carried the name "Annshonetta Marie Tiller."
 I. Background and History of the Case
Anshonetta Marie Tiller was convicted on April 12, 1999, of trafficking in cocaine, a violation of § 13A-12-231(2), Ala. Code 1975. Tiller's conviction was a felony conviction, and for that conviction the trial court sentenced her to 22 years' imprisonment; ordered her to pay a $1,000 victim's compensation assessment; fined her $1,000 in accordance with the Alabama Demand Reduction Assessment Act, § 13A-12-281, Ala. Code 1975; and assessed a $50,000 mandatory fine pursuant to §13A-12-231(a)(2)(a).
Tiller appealed to the Court of Criminal Appeals, arguing: 1) that the State had failed to establish a prima facie case of trafficking in cocaine, 2) that the trial court erred in overruling her objections based on the hearsay rule, 3) that she did not receive effective assistance of counsel, and 4) that the trial court abused its discretion in sentencing her to 22 years' imprisonment.
On March 24, 2000, the Court of Criminal Appeals, with an unpublished memorandum, affirmed the judgment of the trial court. Tiller v. State
(No. CR-98-2040), ___ So.2d ___ (Ala.Crim.App. 2000) (table). Tiller requested certiorari review as to three issues: 1) whether the Court of Criminal Appeals had misapplied the holding of George v. State,675 So.2d 77 (Ala.Crim.App. 1995), relating to the principle of "constructive possession" as a basis for upholding her conviction; 2) whether the Court of Criminal Appeals had misapplied the holding ofEdwards v. State, 502 So.2d 846 *Page 311 
(Ala.Crim.App. 1986), to support its holding that certain evidence had been properly admitted in the trial court; and 3) whether the Court of Criminal Appeals improperly applied Rule 22.2, Ala.R.Crim.P., regarding a supplemental instruction to the jury. We granted Tiller's petition. We reverse the judgment of the Court of Criminal Appeals and render a judgment of acquittal in favor of Tiller. Because we base our judgment on the conclusion that the State failed to prove constructive possession, we pretermit discussion of Tiller's issues 2 and 3.
 II. Facts
The Court of Criminal Appeals, in its unpublished memorandum, summarized the relevant facts of the case against Tiller:
 "The state's evidence established the following. Mike Lee, a Dothan police officer, testified that on March 4, 1998, he and his partner were driving an unmarked police car in a high crime area known for its drug activity, and that they attempted to stop a red `Ford Explorer' vehicle for a legal reason. According to Lee, they attempted to stop the vehicle by turning on their blue lights, and the red vehicle sped away. Lee testified that a chase ensued, that his partner turned on the emergency lights and sirens in their unmarked car, and that a large white bag was thrown out the driver's side window of the red vehicle. Lee stated that he momentarily lost sight of the red vehicle when it proceeded to drive the wrong way on a one-way street. Lee further stated that he and his partner drove around the block in order to avoid driving illegally down the one-way street. According to Lee, as they were turning around the corner, they saw that the red vehicle had crashed into a house. Lee stated that they parked the police car near the red vehicle, and that several neighbors indicated the direction [in which] the occupants of the red vehicle had fled. Lee testified that he ran through the neighborhood, and that an African-American woman stated, `She's in the backyard.' (R. 45.) According to Lee, he ran into the woman's backyard, saw [Tiller] running away from him, and apprehended [her].
 "Additionally, Lee stated that, as the incident occurred, other police officers in the area secured the white shopping bag. Lee testified that the shopping bag contained several large `cookies,' which appeared to be crack cocaine. According to Lee, the police officers also secured a plastic package containing a white powdery substance found on a street corner that the red car had driven around during the chase. Lee further testified that, during the course of his investigation, he learned that Darron O'Shawn Marshall was the driver of the red vehicle, and that [Tiller] and Marshall lived in the same residence together. According to Lee, the plastic package found on the street corner was analyzed for fingerprints, and Marshall's fingerprints were found on the package.
 "David Thorne, a forensic scientist, testified that he analyzed the substances obtained from the white shopping bag and the plastic package. Thorne stated that the substances were cocaine and weighed a total of 351.958 grams."
(Footnote omitted.)
 III. Scope and Standard of Review
The role of an appellate court in reviewing a case based upon a criminal defendant's claim that the evidence is legally insufficient to support the conviction is a limited one: *Page 312 
 "`In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485
(Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985).' Powe v. State, 597 So.2d 721, 724 (Ala. 1991). It is not the function of this Court to decide whether the evidence is believable beyond a reasonable doubt, Pennington v. State, 421 So.2d 1361 (Ala.Cr.App. 1982); rather, the function of this Court is to determine whether there is legal evidence from which a rational finder of fact could have, by fair inference, found the defendant guilty beyond a reasonable doubt. Davis v. State, 598 So.2d 1054
(Ala.Cr.App. 1992). Thus, `[t]he role of appellate courts is not to say what the facts are. [Their role] is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.' Ex parte Bankston, 358 So.2d 1040, 1042 (Ala. 1978) (emphasis original)."
Ex parte Woodall, 730 So.2d 652, 658 (Ala. 1998).
 IV. Constructive Possession
It is undisputed that Tiller was not in actual possession of the narcotics. Thus, the State had to demonstrate that Tiller was in constructive possession of the narcotics:
 "`When constructive possession is relied on, the prosecution must also prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substances. Campbell v. State, [439 So.2d 718
(Ala.Cr.App.), rev'd on other grounds, 439 So.2d 723
(Ala. 1983)]; Yarbrough v. State, 405 So.2d 721
(Ala.Cr.App.), cert. denied, 405 So.2d [725] (Ala. 1981). This knowledge may be inferred from the accused's exclusive possession, ownership, and control of the premises. Temple v. State, 366 So.2d 740
(Ala.Cr.App. 1978). When the accused is not in exclusive possession of the premises, however, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference. Korreckt v. State, 507 So.2d 558 (Ala.Cr.App. 1986); Temple v. State, [366 So.2d at 743]. While non-exclusive possession may raise a suspicion that all the occupants had knowledge of the contraband found, a mere suspicion is not enough. Some evidence that connects a defendant with the contraband is required. Grubbs v. State, 462 So.2d 995, (Ala.Cr.App. 1984); Temple v. State."
Posey v. State, 736 So.2d 656, 658 (Ala.Crim.App. 1997) (quotingRobinette v. State, 531 So.2d 682, 686 (Ala.Crim.App. 1987), rev'd onother grounds, 531 So.2d 697 (Ala. 1988)).
The Court of Criminal Appeals has stated the indicia that will provide the legally necessary connection to prove constructive possession:
 "In Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978), this court provided a nonexclusive list of circumstances that may establish a connection between a defendant and the contraband found on the defendant's property when the defendant is not in exclusive possession of the premises.
 "`While the kinds of circumstances which may provide a connection between a defendant and the contraband are unlimited and will naturally depend on the facts of each particular case, [Emile F. Short, Annotation, Conviction of Possession of Illicit Drugs Found in Premises of Which *Page 313 Defendant Was in Nonexclusive Possession,] 56 A.L.R.3d 948 (1974), it has generally been stated that:
 "`"The kinds of circumstances which provide such connection are: (1) evidence that excludes all other possible possessors; (2) evidence of actual possession; (3) evidence that the defendant had substantial control over the particular place where the contraband was found; (4) admissions of the defendant that provide the necessary connection, which includes both verbal admissions and conduct that evidences a consciousness of guilt when the defendant is confronted with the possibility that an illicit drug will be found; (5) evidence that debris of the contraband was found on the defendant's person or with his personal effects; (6) evidence which shows that the defendant, at the time of the arrest, had either used the contraband very shortly before, or was under its influence.
 "`"The kinds of evidence which might be relevant, but which by themselves do not add the necessary connection are: (1) admissions of previous use; (2) conduct that might be construed as evidencing a consciousness of guilt which was not displayed upon the defendant's confrontation of the possibility that an illicit drug would be discovered; (3) evidence of previous use; (4) evidence that showed the defendant's physical proximity to the contraband."
"`9 Land and Water L. Rev. 236, 248-49 (1974).'
"366 So.2d at 743."
Posey, supra, at 658-59.
After analyzing the separate indicia that can be used to establish constructive possession and considering whether the evidence in this case shows the existence of those indicia, we conclude that the evidence presented against Tiller was insufficient to establish a prima facie case of constructive possession. All of the physical evidence and the evidence regarding what the witnesses saw suggest that Marshall, the driver of the Ford Explorer, was the actual possessor of the cocaine (e.g., his fingerprints were found on the bag containing the cocaine, and the bag was thrown from the driver's window). The State presented no evidence of actual possession by Tiller; Tiller was merely a passenger in the automobile and certainly had no control over it; the record contains no admission by Tiller that the cocaine belonged to her or was ever under her control or dominion; no cocaine was found on her person when she was apprehended or in the vicinity in which she was found; no evidence indicated that Tiller was under the influence of drugs at the time of her arrest; and the record contains no admissions on her part and no other evidence indicating previous drug use by Tiller.
The only evidence presented at trial that connected Tiller to the cocaine was evidence indicating she was a passenger in the vehicle from which the cocaine was thrown and evidence relating to her subsequent flight from the scene of the wrecked motor vehicle. In fact, even this evidence is entirely circumstantial. No witnesses at the trial identified Tiller as the passenger in the automobile. Officer Lee could say only that he could see "two bodies" in the Explorer, even though the Explorer and the undercover police car were at one point facing each other at an intersection. Furthermore, no witnesses at trial testified to seeing Tiller flee the wrecked automobile, even though Officer Lee stated that many neighbors in the vicinity of the wreck apparently saw Tiller leave the scene. Notably, the driver, Marshall, did not testify at the trial, and at the time of Tiller's trial he was still wanted by the *Page 314 
police on warrants related to the incident that led to Tiller's arrest and prosecution.
The Court of Criminal Appeals relied upon George v. State, 675 So.2d 77
(Ala. Crim App. 1995), to sustain Tiller's conviction. In George, the police officers who stopped an automobile saw illegal drugs in plain view in the front seat. Id. at 78. In Tiller's case, the cocaine was in an opaque department-store bag, which someone threw from the driver's window. In George, the driver of the automobile pulled over upon being signaled by the police, but then he and the other passengers ran. Id. Here, the driver of the vehicle in which Tiller was allegedly a passenger led police on a high-speed chase through Dothan, a chase that eventually led to his crashing the automobile. Only after this 10-minute, 100-mile-per-hour chase, during which Tiller perhaps saw a potentially suspicious-looking bag being thrown from the driver's window, and the crash, did Tiller run from the scene.
In George, three circumstances were found sufficient to justify the finding of constructive possession — the presence of the accused at the place where drugs were found, the ready visibility of the drugs, and the defendant's flight. The State contends that the passenger's flight is evidence indicating that the passenger had a guilty conscience from trafficking in cocaine. The evidence of the passenger's fight is at least equally consistent with the proposition that the passenger might have had a guilty conscience from having been involved in a high-speed chase during which the driver threw a suspicious looking bag out of his window, or the proposition that the passenger might have feared remaining on the scene lest the driver retaliate against the passenger for not trying to flee. This evidence of flight by Marshall's passenger is insufficient to prove constructive possession. Compare Hill v. State,898 P.2d 155 (Okla. 1995) (evidence indicating a passenger appeared extremely nervous during a search of an automobile and indicating the passenger's subsequent flight held sufficient). Here, no evidence of behavior suggested guilt other than the flight. See also Riddle v.State, 303 Ark. 42, 791 S.W.2d 708 (1990) (presence in a stolen vehicle, flight to avoid arrest, and attempt to shoot police to avoid arrest sufficient to show constructive possession of stolen vehicle). Tiller was apparently apprehended without endangering the arresting officer. Finally, see Wentworth v. State, 513 P.2d 886 (Okla. 1973) (flight, coupled with discovery of drugs in defendant's automobile, held sufficient proof of defendant's knowledge and control). It is undisputed that Tiller was not the owner of the motor vehicle.
 V. Conclusion
The evidence was insufficient to support a conviction premised upon the principle of constructive possession. The defendant Tiller was entitled to a judgment of acquittal.
REVERSED AND JUDGMENT OF ACQUITTAL RENDERED FOR THE DEFENDANT.
Moore, C.J., and Houston, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
See and Brown, JJ., dissent.