BROWN, Justice
(dissenting).
I respectfully dissent. In this Court’s opinion, the majority concludes that the evidence was legally insufficient to establish that J.C. was in constructive possession of the marijuana found in his father’s *279 bedroom. As the Court of Criminal Appeals noted in its unpublished memorandum:
“ ‘ “ When constructive possession is relied on, the prosecution must also prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substances. Campbell v. State, [439 So.2d 718 (Ala.Cr.App.), rev’d on other grounds, 439 So.2d 723 (Ala.1983)]; Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.), cert. denied, 405 So.2d [725 (Ala.1981).] This knowledge may be inferred from the accused’s exclusive possession, ownership, and control of the premises. Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978). When the accused is not in exclusive possession of the premises, however, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference. Korreckt v. State, 507 So.2d 558 (Ala.Cr.App.1986); Temple v. State, [366 So.2d at 743]. While non-exclusive possession may raise a suspicion that all the occupants had knowledge of the contraband found, a mere suspicion is not enough. Some evidence that connects a defendant with the contraband is required. Grubbs v. State, 462 So.2d 995 (Ala.Cr.App.1984); Temple v. State.
“ ‘ “Robinette v. State, 531 So.2d 682, 686 (Ala.Cr.App.1987), rev’d on other grounds, 531 So.2d 697 (Ala.1988).
[[Image here]]
“ ‘ “In Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978), this court provided a non-exclusive list of circumstances that may establish a connection between a defendant and the contraband found on the defendant’s property when the defendant is not in exclusive possession of the premises.
[[Image here]]
“ ““ “The kinds of circumstances which provide such connection are: (1) evidence that excludes all other possible possessors; (2) evidence of actual possession; (3) evidence that the defendant had substantial control over the particular place where the contraband was found; (4) admissions of the defendant that provide the necessary connection, which includes both verbal admissions and conduct that evidences a consciousness of guilt when the defendant is confronted with the possibility that an illicit drug will be found; (5) evidence that debris of the contraband was found on the defendant’s person or with his personal effects; (6) evidence which shows that the defendant, at the time of the arrest, had either used the contraband very shortly before, or was under its influence.” ’ ” ’
“Meeker v. State, 801 So.2d 850, 853-54 (Ala.Crim.App.2001)(quoting Posey v. State, 736 So.2d [456] at 658-59 [(Ala. Crim.App.1997)] (Judge Shaw and Judge Wise dissenting)).”
The evidence produced at trial indicated that over 17 pounds of marijuana was found in the house. In the defendant’s room, officers found various devices used to smoke marijuana, including no less than three pipes, a “dug-out” (a device used both to store and to smoke marijuana), and rolling papers, along with an empty rolling-paper packet. Officers also found marijuana seeds — debris from the same type of drug found in the father’s bedroom. Additionally, officers noticed a strong odor of marijuana in the house when they were conducting the search.
Based on this evidence, I believe that a rational finder of fact could have found that J.C. constructively possessed the marijuana. Thus, I would affirm the decision *280 of the Court of Criminal Appeals, and I must dissent.