The Autauga County Grand Jury, during its Fall, 1981, Term, indicted appellant, Joseph Roy LaBarber, alias, Joseph Lee Collins, for illegal possession of marijuana, valium and quaaludes. On April 21, 1983, he was found guilty as charged in the indictment and was sentenced to fifteen years' imprisonment as a habitual felony offender.
From April 8, 1980, through May 2, 1980, appellant occupied room 246 at the Ramada Inn in Prattville, Alabama. On May 2, 1980, on the basis of information supplied by a confidential informant, a search warrant was issued authorizing a search of appellant's motel room. Two police officers executed the warrant at 3:36 p.m. that same day. The officers found men's clothing in the dresser drawers, and in other parts of the room, toilet articles and a picture of appellant. They also discovered and confiscated a piece of tin foil containing a partially crushed yellow pill from the night stand next to the bed, two clear plastic bags containing plant material and seventy-three white tablets from a dresser drawer. Subsequent laboratory analyses revealed that the items seized contained valium, marijuana and quaaludes — all controlled substances.
Appellant was employed as a bartender at a lounge two or three miles from the motel where he was living. After the search and seizure of the contraband the officers went to the lounge and arrested the appellant.
Barbara Hollen, desk clerk at the Ramada Inn, testified that Robert Chambliss, appellant's employer, was authorized to use the key to room 246 and had on occasion done so, though she did not remember Chambliss visiting in the room within the twenty-four hour period preceding appellant's arrest. She stated that appellant had visitors, whom she described as young adults, in and out of his room at various times.
This concluded the State's evidence.
Thomas Jackson testified for the defense that on the morning of May 2, 1980, he drove appellant home from the bar and remained in appellant's room drinking beer, along with two women, until 3:00 a.m.
Anita McEllay drove appellant back to the bar later that morning. She and two other women were in his room while he dressed in the bathroom. When they arrived at the bar, they found Jerry Wakefield asleep in his car. Anita heard Wakefield ask appellant for the key to his room so that he could go there and bathe. She did not hear appellant's reply, or see him give Wakefield the key.
The housekeeper for Ramada Inn testified that she inspected the room after it had been cleaned on May 2, 1980 and that she did not see the tin foil containing the valium on the night stand.
Appellant testified that he gave Wakefield the key to his room at about 11:00 a.m. He denied knowing anything about the drugs found in his room.
Appellant contends that the trial court erred in denying his motion for judgment of acquittal at the close of the State's evidence.
The duty of the trial court in regard to appellant's motion for judgment of acquittal was to determine whether there was any evidence at that juncture in the trial, even though entirely circumstantial, that the accused was guilty of the crime charged. Parker v. State, 395 So.2d 1090 (Ala.Cr.App. 1980), cert. denied, 395 So.2d 1103 (Ala. 1981). As a corollary, this court may consider on review only such evidence as was before the trial court when the motion was made and ruled upon. E.g., Hinds v. State, 423 So.2d 1382 (Ala.Cr.App. 1982). Additionally, evidence presented by the State must be accepted as true, in a light most favorable to the State and the State must be accorded all legitimate inferences arising from the evidence presented. Hinds, supra. Under these guidelines, we find no error by the trial court in its ruling on appellant's motion. *Page 943 
The evidence before the court when appellant's motion was made and ruled upon was the following: Appellant was registered and paid rent on room 246 at the Ramada Inn from April 8 to May 1, 1980. Personal items present in the room indicated that he was living there. He received visitors there and authorized motel management to loan Robert Chambliss a key to his room if he asked for one. The desk clerk did not recall Chambliss requesting the key during the twenty-four hour period preceding appellant's arrest. Law enforcement officials received information from a reliable source that illegal drugs were present in room 246 of the Ramada Inn, and a search of that room yielded quantities of marijuana, valium and quaaludes.
Appellant was not found in actual physical possession of the drugs, and thus the State's burden was to prove constructive possession. Franklin v. State, 437 So.2d 609 (Ala.Cr.App. 1983). Constructive possession may be proved through a showing of surrounding facts and circumstances as well as through direct evidence. Luker v. State, 358 So.2d 504 (Ala.Cr.App. 1978). Hence, determination of the question of whether there was constructive possession may involve the process of weighing facts which tend to support defendant's necessary control against facts which tend to demonstrate lack of dominion and control. Crane v. State, 401 So.2d 148 (Ala.Cr.App.), cert. denied, 401 So.2d 151 (Ala. 1981).
The facts adduced by the defense on cross-examination of the State's witnesses tending to show lack of dominion and control consisted of evidence that the accused sometimes received visitors in his room, and that another person, Robert Chambliss, had access to the room. Appellant relies heavily upon Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978), wherein the court held that when a person is not in exclusive possession of the premises where a controlled substance is found there must be additional circumstances connecting defendant to the contraband in order to prove constructive possession by that defendant.
We find the Temple case inapposite and appellant's claim that the room was jointly occupied unsupported by the evidence. The facts that appellant was absent during the search, entertained visitors, and permitted an associate access to the room through the desk clerk did not demonstrate that he was not in exclusive possession of the room where he lived and kept his belongings and on which he paid rent. Coleman v. State, 394 So.2d 82
(Ala.Cr.App. 1981). On the contrary, there was evidence before the trial court at the close of the State's evidence that the accused was in constructive possession of the controlled substances seized from his motel room. At the close of all the evidence the issue of appellant's knowledge of the presence of the controlled substances in his motel room was properly submitted to the jury. Holley v. State, 447 So.2d 829
(Ala.Cr.App. 1983), and authorities cited therein.
Appellant next argues that the trial court improperly granted the State's motion in limine forbidding appellant's attorney to mention the sentence which appellant might receive if convicted. We find that the trial court's ruling was entirely proper since appropriate sentencing is a matter for the trial court's determination. § 13A-5-2, Code of Alabama (1975); Brownv. State, 401 So.2d 213 (Ala.Cr.App. 1981).
Lastly, appellant contends that the trial court abused its discretion in permitting the State to question him about prior arrests and to comment on his criminal record during closing arguments. We find no error by the trial court in this regard.
During cross-examination, appellant volunteered the information that a 1964 forgery conviction was the result of his first arrest. Subsequent questioning about arrests prior to the 1964 arrest for forgery was proper impeachment of appellant's credibility, inasmuch as appellant himself opened the subject up to inquiry. Travis v. *Page 944 State, 397 So.2d 256 (Ala.Cr.App.), cert. denied, 397 So.2d 265
(Ala. 1981).
It is clear that the trial judge has broad discretion in controlling closing arguments. Hurst v. State, 397 So.2d 203
(Ala.Cr.App.), cert. denied, 397 So.2d 208 (Ala. 1981); Millerv. State, 380 So.2d 1011 (Ala.Cr.App. 1980). It is equally clear that when evidence of collateral crimes has been properly admitted it may be commented upon by the prosecution in closing argument. Player v. State, 421 So.2d 1338 (Ala.Cr.App. 1982);Watson v. State, 398 So.2d 320 (Ala.Cr.App. 1980), cert. denied398 So.2d 332 (Ala. 1981), cert. denied, 452 U.S. 941,101 S.Ct. 3085, 69 L.Ed.2d 955.
We have carefully searched the record for errors prejudicial to the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.