[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1144 
In separate indictments, Randy Joe Sartin was charged with the offenses of rape in the first degree by forcible compulsion, in violation of § 13A-6-61, Code of Alabama 1975, and of sodomy in the first degree by forcible compulsion, in violation of § 13A-6-63, Code of Alabama 1975. On motion of the State, the court consolidated the cases for trial. The jury found Sartin guilty of rape in the first degree and sodomy in the first degree, as charged in the indictments. The court sentenced Sartin as a habitual offender to concurrent 99-year terms of imprisonment in the state penitentiary in each case. Four issues are raised on appeal.
 I
Sartin contends that the trial court committed reversible error by admitting evidence of his escape from custody following his initial arrest and by admitting evidence detailing his attempt to evade officers at his home following his escape.
Sartin's attorney never raised this objection in the trial court, and therefore no adverse ruling was obtained. Rather, Sartin attempts to raise this objection for the first time on appeal.
It is axiomatic that only matters that are timely raised in the trial court and that receive adverse rulings are preserved for appellate review. Maul v. State, 531 So.2d 35 (Ala.Cr.App. 1987). Even constitutional claims must be seasonably raised in the trial court or they will be waived upon appellate review.Johnson v. State, 480 So.2d 14 (Ala.Cr.App.), cert. denied,480 So.2d 14 (1985).
Hence, because Sartin never raised this objection and never received an adverse ruling below, this issue is not preserved for appellate review.
 II
Sartin contends that the trial court erred in denying his motion for judgment of acquittal on the ground that the evidence was insufficient to support the jury verdicts. In particular, Sartin maintains that the State failed to prove the forcible compulsion element of rape in the first degree and of sodomy in the first degree. We disagree.
In reviewing the denial of a motion for judgment of acquittal, this court must determine whether any evidence was presented to the trial court when the motion was made that tended to point to the accused's guilt. LaBarber v. State,455 So.2d 941 (Ala.Cr.App.), cert. denied, 455 So.2d 941 (Ala. 1984). In addition, the State's evidence must be received as true and viewed in a light that is most favorable to the State.White v. State, 546 So.2d 1014 (Ala.Cr.App.), cert. denied,546 So.2d 1014 (Ala. 1989). Finally, the State must be accorded all legitimate inferences arising from the evidence presented.McConnell v. State, 429 So.2d 662 (Ala.Cr.App. 1983).
Sartin complains that the State failed to produce sufficient evidence of forcible compulsion *Page 1145 
as required by §§ 13A-6-61 and 13A-6-63. Section 13A-6-60(8) defines "forcible compulsion" as follows: "Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
Rape in the first degree is defined in § 13A-6-61, Code of Alabama 1975, as engaging "in sexual intercourse with a female by forcible compulsion."
Sodomy in the first degree is defined in § 13A-6-63, Code of Alabama, as engaging "in deviate sexual intercourse with another person by forcible compulsion."
The element of forcible compulsion may be satisfied in cases where an implied threat serves as motivation for the victim to engage in sexual intercourse or deviate sexual activity with the defendant. Flanagan v. State, 533 So.2d 637, 641
(Ala.Cr.App.), cert. quashed, 533 So.2d 637 (Ala. 1987). InParks v. State, 565 So.2d 1265 (Ala.Cr.App. 1990), this court recently held that the defendant's implied threat of beating the victim with a belt if she refused to have intercourse with him constituted forcible compulsion.
In the case at bar, the victim testified that Sartin stopped his car, reached into the glove compartment and pulled a gun and handcuffs from the glove compartment. According to the victim, Sartin then pointed the gun at the victim, and ordered her to get out of the car. Sartin then ordered the victim to go to the back of the car and to take her clothes off. The victim further testified that although Sartin did not continue to point the gun at her, he held the gun at all times in a position where she could see it. Sartin opened the hatch on the back of his station wagon and again ordered the victim to take off her clothes, and Sartin waved the gun at her, telling her that he would use the gun if she did not comply with his order. According to the victim, Sartin secured the handcuffs on his belt loop, patted the handcuffs, and told the victim that she did not want to make him mad.
The victim further testified that she removed her pants and panties, and Sartin told the victim to get into the back of the car. According to the victim, Sartin then crawled on top of her and ordered her to perform oral sex on him. The victim testified that the oral sex lasted about 15 minutes and that she sustained two busted lips as a result of the oral sex act.
The victim then testified that Sartin slid down on top of her and then proceeded to have intercourse with her. The victim testified that she did not resist because Sartin had a gun to her head and that she was in fear of her life during the oral sex and the sexual intercourse.
Forensic evidence admitted at trial revealed the presence of semen in the victim's vagina immediately following the alleged rape and sodomy and the presence of Sartin's pubic hairs in the victim's pants.
This evidence, when accepted as true, when viewed in a light most favorable to the State, and when accorded all legitimate inferences, was clearly sufficient to support an inference that Sartin used forcible compulsion to rape and to sodomize the victim, in violation of §§ 13A-6-61 and 13A-6-63, Code of Alabama 1975. The evidence was therefore sufficient to sustain Sartin's convictions.
 III
Sartin contends that the trial court erred by failing to charge the jury on the lesser included offense of sexual misconduct. However, Sartin failed to preserve this issue for appellate review.
The record reveals that the trial court held a pre-charge conference, during which the court and prosecutor discussed at length the question of whether sexual misconduct was a lesser included offense of either first degree rape or first degree sodomy. When defense counsel failed to participate in the discussion, the trial court specifically asked defense counsel, "Do you think there is a lesser included offense?" Defense counsel merely replied, "Yes, sir." At no time during this pre-charge conference did defense counsel specifically request that the court charge the jury on sexual misconduct or any other alleged lesser included offense. It is important to note that during this conference, defense *Page 1146 
counsel presented 14 written requested charges to the court to include in its oral charge, and none of these 14 written charges included a request for a charge on a lesser included offense. Defense counsel's comments during this conference on the effect of intoxication on the victim's ability to consent can in no way be construed as a request for a lesser included offense charge.
At the conclusion of this pre-charge conference, the judge told defense counsel that he would charge the jury only on the offenses of first degree rape and first degree sodomy unless defense counsel provided the court with some authority warranting a lesser included offense charge before the court began its charge to the jury.
On the following morning, the court held another conference before charging the jury, and defense counsel, instead of presenting authority justifying a lesser included offense charge, moved for a mistrial on another ground. The court denied the motion for mistrial and then charged the jury. The court's charge did not include any charges on lesser included offenses. At the conclusion of the court's charge, defense counsel objected to the court's failure to charge the jury on the lesser included offenses of sexual misconduct, rape in the second degree, or sodomy in the second degree.
To preserve this issue for appellate review, defense counsel must request, either orally or in writing, that the court give an instruction on a specific lesser included offensebefore the court's charge to the jury, and defense counsel must also object to the court's failure to include the requested lesser included offense charge at the close of the court's charge. Connolly v. State, 500 So.2d 68 (Ala. 1986). Because defense counsel failed to request that the court give an instruction on the specific lesser included offense of sexual misconduct before the court's charge to the jury, this issue has not been preserved for review.
 IV
Sartin contends that the trial court erred by failing to give the following written requested jury charge: "Members of the jury, if you are not convinced beyond a reasonable doubt that [L.J.S.] made a genuine physical effort to prevent the defendant from having sexual intercourse with her, then in such event the State would have failed to prove one of the required elements and you would return a verdict of acquittal."
A trial court does not err in refusing to give a defendant's written requested jury charge where the charge is an incorrect statement of the law. Pinkard v. State, 415 So.2d 1220
(Ala.Cr.App. 1982). Because Sartin's proposed jury instruction number 12 was a misstatement of the law, it was properly refused.
As discussed earlier, the term "forcible compulsion" is defined as follows: "Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
Under the second prong of this definition, a defendant can commit the crime of first degree rape (sexual intercourse by forcible compulsion) or first degree sodomy (deviate sexual intercourse by forcible compulsion) where there is no evidence that the victim made a genuine physical effort to prevent the defendant from having sexual intercourse with her. Parks v.State, 565 So.2d 1265 (Ala.Cr.App. 1990).
Hence, because Sartin's requested jury charge number 12 was a misstatement of the definition of the term "forcible compulsion," the trial court properly refused to give the charge.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1147