TAYLOR, Judge.
The appellant, Denson Heard, Jr., was convicted of burglary in the first degree, a violation of § 13A-7-5, Code of Alabama 1975. He was sentenced to 21 years in the state penitentiary.
The state’s evidence tended to show that on April 19, 1992, Denson Heard, Jr., Tony Baker, Yoshika Floyd, and Umekia Willis were riding in Baker’s automobile in the vicinity of Opelika. Baker suggested that they rob someone for gas money.[1] Floyd testified that they all went to the appellant’s aunt’s house to get some stockings so that the appellant and Baker could cover their faces during the robbery. Floyd also testified- that Baker’s shotgun was on the backseat and that earlier in the evening the appellant had actually fired it out of a back window of the car.
They then drove to a residence occupied by Roosevelt Maddox, Javae Burton, and Benjamin Haynes. The appellant and Baker got out of the car, and Floyd and Willis drove the car around the block. The appellant knocked on the door and asked for Tony Baker; then Baker appeared from the bushes with the shotgun and they entered the house. When Baker and the appellant entered the house only Baker was wearing a mask. The occupants immediately recognized the masked intruder as Baker. The occupants said that the appellant never expressed any desire to leave and, in fact, followed Baker’s instruction to search the occupants for money. After collecting $3.00, they fled the scene.
The appellant testified on his own behalf that on April 19, 1992, he, Baker, Floyd, and Willis were driving on the Opelika Road with Baker’s gun in the backseat of the car. He said that Baker pointed to a house and told the appellant to get out of the car and to go to the door and ask if Tomika Jones was there. He did so and when informed that she was not there he turned to leave. He testified that at that point Baker suddenly stepped from behind the bushes and ordered the appellant into the house while pointing the gun at him. Once in the house, Baker ordered the appellant to search the occupants for money, and then the appellant asked Baker to leave the premises because the occupants had no money.
I
The appellant contends that there was insufficient evidence to convict him of first degree burglary, because, he argues, the state did not establish that he had knowledge of Baker’s intent to commit a burglary or that he knew that Baker was armed at the time of the burglary.
“A person commits the crime of burglary in the first degree if he knowingly and *1011 unlawfully enters or remains unlawfully in a chvelling xoith intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime: (1) Is armed with explosives or a deadly loeapon.”
§ 13A-7-5, Code of Alabama 1975. (Emphasis added.)
When reviewing whether the state has met its burden in proving a prima facie case, this court considers the evidence in the light most favorable to the state. Marks v. State, 581 So.2d 1182, 1186 (Ala.Cr.App.1990). In this case, the jury could lawfully conclude from the evidence that the appellant knew that Baker was armed and that he had the intent to commit burglary.
II
The appellant also contends that the state failed to establish a sufficient “chain of custody” for the items that were found in Baker’s car and that were received into evidence. Specifically, he argues that there is a missing link in the chain of custody, in that the two officers who initially stopped the vehicle did not testify as to the contents of the vehicle or as to the condition of the items found in the vehicle at the time of the stop.
There is no allegation that the items had been tampered with. “ ‘The purpose for requiring that the chain of custody be shown is to establish to a reasonable probability that there has been no tampering with the evidence.’ ” Ex parte Jones, 592 So.2d 210, 212 (Ala.1991), quoting Williams v. State, 505 So.2d 1252, 1253 (Ala.Cr.App.1986), aff'd 505 So.2d 1254 (Ala.1987). Ex parte Holton, 590 So.2d 918 (Ala.1991).
The proposed Alabama Rules of Evidence, Rule 901(a), as printed in volume 615 So.2d advance sheet dated May 13, 1993, state:
“The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.”
We find this persuasive authority for affirming this judgment. Here, four or five minutes transpired between the initial stop by Officers Maddox and Eberhart, and the arrival of Officer Jones, who actually took custody of the car and its contents. No police custody began until after Jones arrived, and so there was no “break.”
Ill
The appellant contends that the trial court erred in refusing instructions on the lesser included offenses of burglary in the second degree and burglary in the third degree, although no objection was made at trial. Rule 21.2, A.R.Crim.P,, states:
“No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the ground of his objection. Opportunity shall be given to make the abjection out of the hearing of the Jury.”
Because the appellant’s counsel did not object to the-absence of instruction on the lesser included offenses at the end of the court’s charge to the jury, this issue was not preserved for appellate review. Sartin v. State, 601 So.2d 1142, 1146 (Ala.Cr.App.1992).
Furthermore, even if the issue had been preserved for our review, no evidence in the record required'the court to charge on burglary in the second degree or burglary in the third degree. Thus, any requested instruction on these lesser offenses should- have been refused. Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978). The undisputed evidence is that a deadly weapon was used in the commission of the crime.
For the reasons stated above, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Tony Baker was facing charges as the appellant's codefendant when the trial commenced; however, he did not testify at trial. Yoshika Floyd and Umekia Willis were not indicted and testified against the appellant at trial.