Appellant, Linda Finch, was convicted of possession of cocaine, in violation of § 13A-12-212(a)(1), Code of Alabama 1975, and was sentenced to three years' imprisonment. The sentence was split, the court ordering that she serve three months' confinement, suspending the balance, and placing her on probation for the remainder of the term, subject to her good behavior.
The state's evidence showed that sheriff's deputies, pursuant to a valid search warrant, raided a "crack house" in Birmingham. The "house" consisted of front, middle, and rear rooms. Surveillance of the house had revealed a large number of people entering and leaving, as well as loitering outside. In carrying out the search, six officers burst through the front door and four officers entered the house from the rear. They immediately arrested two men in the front room, while the other people in the house "stampeded" for the back door. Ordered back inside by the deputies at the rear of the house, the group, being 12 in number and including appellant, scurried to the middle room, where deputies immediately ordered them to lie on the floor. As they complied, several people among the group were seen dropping guns and what appeared to be drugs onto the floor in the dimly lit room. The only light in the room was from outside, and, although it was still daylight, the officers used flashlights to look for weapons and drugs on the floor. There was no testimony that any of the officers observed appellant dropping anything onto the floor.
Appellant was charged with possession of .158 gram of "crack" cocaine. All of the "crack" was in small cellophane packets, and the total amount included .034 gram found on a table in the center of the middle room, .043 gram recovered from the floor near the table, and .081 gram found in a single packet located on the floor in the corner of the room approximately 18 inches from appellant's head. This .081-gram packet was the only "crack" found near that corner of the room. However, a woman lying at appellant's feet had "crack" cocaine in her pocket. Appellant had no drugs, money, or weapons on her person when arrested. No attempt was made to process any of the items seized for fingerprints.
There is little doubt that the house was being used for consumption of and trafficking in narcotics. There was very little furniture in the house, and the kitchen was not equipped with either a refrigerator or a table. Drugs were found in every room. "Crack" cocaine, marijuana cigarettes, paraphernalia for the processing and use of drugs, and knives, guns, and a large amount of cash were seized.
At the close of the state's case in chief, appellant moved for a judgment of acquittal on the ground that the state had failed to present a prima facie case of possession of cocaine. The motion was denied. The correctness of this motion is the principal issue raised in this appeal. Appellant argues that the state failed to show any connection between her and the illegal activity other than the fact that she was present in the "crack" house when the raid occurred. She argues that her mere presence in the house, in the proximity of the contraband, was not enough to constitute constructive possession.
When reviewing a denial of a motion for judgment of acquittal where evidence is circumstantial, this court must view that evidence in the light most favorable to the state. Higdon v.State, 527 So.2d 1352, 1353 (Ala.Cr.App. 1988); Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877
(Ala. 1979). The evidence the state offered to establish appellant's possession is based entirely on circumstantial evidence. The standard of review is whether there existed legal evidence before the jury, at the time the motion was made, from which the jury, by fair inference, could find the defendant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App. 1978). *Page 687 
In order to prove possession of a controlled substance, the state must prove that the defendant had actual or potential physical control of the substance, the intention to exercise dominion over it, and knowledge of its presence. Eady v. State,495 So.2d 1161 (Ala.Cr.App. 1986); White v. State,479 So.2d 1368 (Ala.Cr.App. 1985). The state must also show external manifestations of intent and control. Eady v. State, supra. Possession of an illegal substance may be either actual or constructive. Radke v. State, 52 Ala. App. 397, 293 So.2d 312
(1973), aff'd, 292 Ala. 290, 293 So.2d 314 (1974).
Constructive possession arises only when the illegal substance is found on premises owned or controlled by the accused. Campbell v. State, 439 So.2d 718 (Ala.Cr.App. 1983), rev'd on other grounds, 439 So.2d 723 (Ala. 1983); Williams v.State, 340 So.2d 1144 (Ala.Cr.App. 1976), cert. denied,340 So.2d 1149 (Ala. 1977). When constructive possession is relied on, the prosecution must prove beyond a reasonable doubt that the defendant had knowledge of the presence of the controlled substance. Saffold v. State, 521 So.2d 1368 (Ala.Cr.App. 1987);Campbell v. State, supra. This knowledge may be inferred from the accused's exclusive possession, ownership, and control of the premises. Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978).
When the accused is not in exclusive possession of the premises, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference.Saffold v. State, supra; Korreckt v. State, 507 So.2d 558
(Ala.Cr.App. 1986). While nonexclusive possession may raise a suspicion that all the occupants had knowledge of the contraband found, a mere suspicion is not enough; some evidence that connects a defendant with the controlled substance is required. Robinette v. State, 531 So.2d 682 (Ala.Cr.App. 1987), rev'd on other ground as to codefendant, 531 So.2d 697 (Ala. 1988); Grubbs v. State, 462 So.2d 995 (Ala.Cr.App. 1984). The mere presence of an accused in a place where a controlled substance is found is not, in and of itself, evidence of possession. German v. State, 429 So.2d 1138 (Ala.Cr.App. 1982). Mere presence does establish a "material fact, which is theopportunity of defendant to commit the offense complained of."Lee v. State, 18 Ala. App. 566, 567, 93 So. 59, 60 (1922) (emphasis in original).
"[W]hen the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury." Radke v. State,292 Ala. at 292, 293 So.2d at 316. "[I]f presence at the time and place a crime is committed, in conjunction with other facts and circumstances, tends to connect the accused with the commission of the crime, then the jury may find the accused guilty."Dolvin v. State, 391 So.2d 133, 137 (Ala. 1980). "[W]here other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilty on such charges."United States v. Whitmire, 595 F.2d 1303, 1316 (5th Cir. 1979), cert. denied, 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136
(1980). See also United States v. Christian, 505 F.2d 94 (5th Cir. 1974).
 "Proximity to illegal drugs, presence on the property where they are located, or mere association with persons who do control the drugs may be sufficient to support a finding of possession when accompanied with testimony connecting the accused with the incriminating surrounding circumstances. United States v. Ratcliffe, 550 F.2d 431, 434 (9th Cir. 1976). '[T]he voluntary presence of the accused in an area obviously devoted to preparation of drugs for distribution is a circumstance potently indicative of his involvement in the operation.' [United States v.] Staten, 581 F.2d [878,] 885, n. 67 [(U.S.App.D.C. 1978)], citing United States v. Davis, 183 U.S.App.D.C. 162, 562 F.2d 681 (1977)."
German v. State, 429 So.2d at 1142.
In the instant case, appellant had no cocaine on her person or in her actual physical control. She was charged with possession of cocaine found in the middle room of the house, on the table, on the floor under the table, and on the floor near where she *Page 688 
lay. Thus, the state relied on and was required to prove constructive possession in order to obtain a conviction. As stated above, where an accused has exclusive possession of the premises where contraband is discovered, an inference arises that the accused has knowledge of the presence of the contraband, Ex parte Wells, 527 So.2d 762, 763-64 (Ala. 1988),Korreckt v. State, supra; however, here, appellant was not in exclusive possession of the premises, and it cannot be inferred that she knew of the cocaine without some other circumstances to support such an inference. For a discussion of kinds of circumstances which may provide a connection between a defendant and contraband, see Temple v. State, 366 So.2d 740,743 (Ala.Cr.App. 1978). However, the offense of possession of controlled substances is susceptible to joint commission, and guilt of an accused does not necessarily depend upon proof of ownership. Radke v. State, supra.[1]
Here, appellant was present in a house which was being exclusively and openly used as a place to process, use, and sell narcotics. Cocaine, as well as other drugs, was in plain view in every room. The middle room in which appellant was first observed by the officers was obviously being used for smoking "crack" cocaine. There were four or five pipes, designed for that purpose, which were "smoking" and "hot" when the officers entered the room. The cocaine and paraphernalia hardly could have escaped the attention of appellant. Under the circumstances, it is inconceivable that she did not have knowledge of their presence. The officers testified that, as they entered the front room, the persons in the middle room fled to the rear of the house and, upon encountering the officers in the rear of the house, ran back into the middle room. It is reasonable to conclude from the testimony that appellant was in this group and attempted to flee when the officers announced themselves and entered the house. Evidence of this flight is one circumstance indicating guilt. SeeState v. LaBarre, 292 Minn. 228, 195 N.W.2d 435, 439 (1972);King v. State, 169 Tex.Crim. 34, 335 S.W.2d 378 (1959).
A plastic bag containing .081 gram of cocaine was found on the floor approximately 18 inches from appellant's head where she lay on the floor in a corner of the middle room. It is evident that appellant had potential control of that cocaine. No other drugs, including cocaine, were found in that corner. No one else was lying near her except for a person lying near her feet. The individual lying at her feet had cocaine on her person. The nearest cocaine to appellant, other than the bag lying near her head, was approximately five feet away.
We hold that the combined effect of all the state's evidence was sufficient to link appellant to the cocaine in such a manner and to such an extent that reasonable inferences could be drawn that appellant had knowledge of the cocaine's existence and whereabouts, that she had potential control over it, and that she had the necessary intent to exercise dominion over it. Although the evidence establishing these elements was circumstantial, the evidence was sufficient to establish a prima facie case of possession and required the submission of the case to the jury, especially when the evidence was bolstered by the incriminating inferences arising from the evidence of appellant's flight, appellant's proximity to the cocaine, and the obvious use of the premises. There was sufficient evidence presented by the state for the jury could to conclude, by fair inference, that appellant was guilty of the possession of cocaine. The denial of the motion for judgment of acquittal was proper.
We have examined the remaining issues raised by appellant on appeal and find no merit in them.
For the above reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] We note that others in the middle room were prosecuted and convicted for illegal possession of the cocaine on the table and on the floor around the table. *Page 689