Samuel Palmer, the appellant, was convicted of the unlawful possession of a controlled substance, cocaine, a violation of § 13A-12-212, Code of Alabama 1975, and he was sentenced to 10 years' imprisonment and was ordered to pay a $1,000 fine and $100 to the victims' compensation fund. Palmer presents three issues for our review. Because of our disposition of this case, we find it necessary to address only one of his issues.
Palmer contends that the trial court erred to reversal in denying his motion for judgment of acquittal made at the close of the state's case because the state failed to establish a prima facie case. The evidence presented by the state tended to show that, at approximately 9:00 p.m. on January 11, 1989, Deputy Donald Valenza of the Houston County Sheriff's Department observed Palmer driving a green Chrysler Cordoba automobile on Highway 231. He also observed that the taillight lenses were "busted out," and that they had red paper placed in them "to make it look like a lens." In order to make a "traffic stop," Valenza called for back-up, turned on his blue lights, and "tapped" the siren twice. Palmer stopped. After Valenza drove his car to within 8 to 10 feet of the car Palmer was driving, he exited his car and stood by his "doorjamb". Valenza was dressed in civilian clothes. While standing by his patrol car, he twice requested that Palmer step out of the car. Palmer failed to respond to these requests. Thereupon, Valenza shouted, "Get your hands on the dash," or something to that effect. Palmer and his wife,[1] who was seated on the passenger side of the front seat, responded to this instruction. Shortly thereafter, Officer Steve Parrish of the Dothan Police Department arrived as Valenza's back-up. At this point, Valenza walked to the driver's door of Palmer's car, opened it, and requested that Palmer step out of the car. Palmer stepped out, was placed against the rear of the car, and was watched by Parrish. Valenza then walked to the passenger door, opened it, and requested that Mrs. Palmer step out of the car. When she did so, Valenza observed her toss two objects to the ground with her right hand. Valenza recovered one of the objects and discovered that it was a small bag containing what appeared to be crack cocaine. Officer Danny Shirah of the Dothan Police Department recovered the other item tossed by Mrs. Palmer, and it too appeared to be crack *Page 145 
cocaine. It was subsequently confirmed that the recovered substance was, in fact, cocaine. No controlled substances were recovered from Palmer, the car, or Mrs. Palmer. However, a subsequent "strip-search" of Mrs. Palmer revealed a pipe used for smoking crack cocaine. Valenza testified that "paraphernalia" was found in the car Palmer was driving; however, he did not described that "paraphernalia," and it was not introduced as an exhibit by the state at trial. Additionally, no evidence was presented by the state indicating who was the owner of the car driven by Palmer.
The above facts clearly indicate that Palmer was not shown to be in actual possession of the cocaine recovered by the police. Therefore, we must determine whether the state proved that he was in constructive possession of the cocaine.
In order for the state to prove possession of a controlled substance, it must show: (1) actual or potential physical control, (2) an intent to exercise dominion, and (3) external manifestations of intent and control over the illegal substance. Korreckt v. State, 507 So.2d 558, 564 (Ala.Cr.App. 1986); Donahoo v. State, 505 So.2d 1067, 1070 (Ala.Cr.App. 1986); Radke v. State, 52 Ala. App. 397, 398, 293 So.2d 312, 313
(1973), aff'd, 292 Ala. 290, 293 So.2d 314 (1974). "Where constructive possession is relied on the state must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance." Temple v. State, 366 So.2d 740,741 (Ala.Cr.App. 1978). Knowledge is usually established by circumstantial evidence. Korreckt, 507 So.2d at 565.
When a person is in the nonexclusive possession of the premises where the controlled substance is found, an inference cannot be made that he knew of the presence of any controlled substance, unless there exist circumstances that support the inference. Temple, 366 So.2d at 743. There must be evidence that connects the defendant with the controlled substance. Id.
 "[W]hile establishing the close proximity of a defendant to an illegal substance is relevant to show his knowledge of its presence, this alone is insufficient to prove the required knowledge necessary to support a finding of constructive possession. Smith v. State, 457 So.2d 997 (Ala.Cr.App. 1984). Furthermore, a defendant's mere presence in an automobile in which an illegal substance is found will not support his conviction for possession of that substance unless the state introduces other evidence in support of the defendant's possession. Story v. State, 435 So.2d 1360 (Ala.Cr.App. 1982), rev'd on other ground, 435 So.2d 1365 (Ala. 1983). The kinds of other evidence or circumstances that could provide the additional support necessary to show possession are unlimited and will vary with each case. Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978)."
Perry v. State, 534 So.2d 1126, 1128 (Ala.Cr.App. 1988) (emphasis in original).
A review of the above facts reveals that the state failed to present any evidence connecting Palmer with the cocaine, other than his mere presence in the automobile. Because such presence is insufficient to establish constructive possession, we find the trial court erred in denying Palmer's motion for judgment of acquittal.
The judgment of the trial court is due to, and it is hereby, reversed and judgment rendered.
REVERSED AND JUDGMENT RENDERED.
All Judges concur.
[1] Ruby Joyce Kirkland Palmer pleaded guilty and was sentenced to 10 years' imprisonment, was fined $1,000, and was ordered to pay $100 to the crime victims compensation fund. On appeal, we affirmed her conviction and sentence without opinion, Palmer v.State, 587 So.2d 1115 (Ala.Cr.App. 1991).