MONTIEL, Judge.
Amp Roger was indicated for trafficking in cocaine, in violation of § 13A-12-231, Code of Alabama 1975. The jury found the appellant “guilty of trafficking in cocaine” and the judge sentenced the appellant to 15 years’ imprisonment, 3 years of which was required to be served. The appellant was also ordered to pay a fine of $25,000 and to pay $500 into the crime victims’ compensation fund. Roger raises three issues on appeal.
The evidence presented tended to show the following: On June 16, 1990, an informant told police that two black males driving a white Chevrolet Caprice automobile were selling crack cocaine at a residence located 213 Blackshear Street in Dothan, Alabama. Officer Gonzalez of the Dothan Police Department conducted surveillance of that address. He saw two black males, whom he later identified as the appellant and Robert Benefield, leave the residence. The two men approached and opened the trunk of a white Chevrolet Caprice, which was parked in the driveway of the residence at 213 Blackshear Street. Benefield removed a paper bag from the trunk of the car. Benefield and the appellant both walked toward the backyard .of the residence. When they reached what appeared to be the property line at the rear of the yard, Benefield lifted a cinder block and placed the paper bag under it.
Shortly thereafter, a green car stopped in front of the house. The appellant approached the car and spoke with its occupants. A few minutes later, the appellant backed away from the green car and both he and Benefield returned to the cinder block where they had placed the paper bag. Benefield lifted the block and removed the paper bag. Benefield opened the bag and removed something from it while the appellant stood nearby. Benefield then replaced the bag under the cinder block and the men began to walk toward the green automobile, which was still parked in front of the house. As they walked, Benefield handed the object he had taken from the bag to the appellant.
When the two men reached the green car, the appellant leaned into the front window on the passenger side. Benefield was standing near the rear of the car on the passenger side.
At this point, Officer Gonzalez decided to approach. Officer Gonzalez got into a van being driven by a second police officer, Officer Merritt. The officers pulled up behind the green car. Benefield raised his hand, motioning to the van. Officer Gonzalez, who was in plain clothes, got out of the van, walked past Benefield, and confronted the appellant. The appellant and Benefield fled on foot and the green car drove away. The appellant was quickly apprehended. Officer Gonzalez then went and retrieved the paper bag from under the cinder block. The bag contained what was later determined to be cocaine.
I
The appellant first contends that the evidence was insufficient to prove that he was guilty of trafficking in cocaine. He alleges that the State failed to prove that he was in possession of the controlled substance.
When, as in this case, “the State seeks to show that an accused constructively possessed a controlled substance, it must prove beyond a reasonable doubt that the accused had knowledge of the substance.” Chislom v. State, 565 So.2d 1189, 1191 (Ala.Crim.App.1990). “The defendant’s knowledge of the presence of the substance may be shown by circumstantial evidence.” Perry v. State, 534 So.2d 1126, 1128 (Ala.Crim.App.1988). In this case, there was considerable evidence pointing toward the appellant’s knowledge of the cocaine. Because the State presented evidence that Roger was at the scene and that he had knowledge of the cocaine, the issue of constructive possession became one for the jury. See, Finch v. State, 553 So.2d 685 *948 (Ala.Crim.App.1989); Moore v. State, 457 So.2d 981 (Ala.Crim.App.1984), cert, denied, 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985).
II
The appellant next contends that the trial court erred in failing to instruct the jury on the lesser included offense of possession of a controlled substance. This contention does not withstand scrutiny.
At trial, the State established that Roger was in possession of more than 47 grams of a substance, which was determined to contain cocaine. Roger argues that the jury could have found him guilty of mere possession if it had found that less than 28 grams of this substance was cocaine. He is incorrect. An individual is guilty of the offense of trafficking if he is found to knowingly possess 28 grams or more of cocaine or any mixture containing cocaine. Clark v. State, 562 So.2d 620 (Ala.Crim.App.1989); Lyons v. State, 455 So.2d 295 (Ala.Crim.App.1984). Because the substance that Roger possessed weighed more than 28 grams and contained cocaine, he could not have been convicted of possession. Under § 13A-l-9(b), Code of Alabama 1975, a trial court may charge on a lesser included offense only where there is a rational basis for a verdict convicting the accused of the lesser included offense. Because there was no rational basis for convicting the appellant of possession, the requested instruction on the lesser included offense of possession was properly denied.
III
The appellant finally contends that his warrantless arrest and the subsequent search of the paper bag containing the drugs were improper because, he says, there was no probable cause. We need not address the merits of this contention because this issue was not properly preserved for review. Pate v. State, 601 So.2d 210 (Ala.Crim.App.1992). Hansen v. State, 598 So.2d 1 (Ala.Crim.App.1991). The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.