TAYLOR, Presiding Judge.
The appellant, Christopher Lee George, was convicted of the possession of a controlled substance, a violation of § 13A-12-212, Code of Alabama 1975. He was sentenced as an habitual offender to 10 years in the penitentiary.
The sole issue presented on appeal is whether the appellant had constructive possession of two bags of cocaine that were found in an automobile in which the appellant was a passenger.
The state’s evidence tended to show that on October 10, 1993, Officers John Gaudet and Jake Heath of the Ozark Police Department observed an automobile hit a curb while making a turn. The officers stopped the vehicle because they suspected the .driver was under the influence of alcohol. David Richards was driving the automobile and the appellant was sitting, in the front passenger’s seat. A second passenger, Ander Gilmore, was in the rear seat. Gilmore’s mother owned the automobile. When the vehicle stopped, all three occupants ran from the officers. Officer Heath discovered two plastic sandwich bags containing rock cocaine on the front seat between the passenger and the driver .seats. The bags were laying on the seat in plain view.
“Possession of a controlled substance may be actual, i.e., on the person, or constructive, i.e., not ‘on the person.’ Borden v. State, 523 So.2d 508 (Ala.Cr.App.1987). Constructive possession arises in situations where the' drugs are found on premises ‘owned or occupied’ by the defendant. Borden." Moody v. State, 615 So.2d 126, 127 (Ala.Cr.App.1992). In order to prove constructive possession, the state must show that 1) the appellant owned or controlled the premises where the drugs were found, and 2) the appellant had knowledge of the drugs. Moody.
The appellant contends that the state failed to prove that he had actual knowledge of the drugs. Neither the appellant’s presence in the automobile, Ex parte Story, 435 So.2d 1365, 1366 (Ala.1983), nor his close proximity to the controlled substance, Palmer v. State, 593 So.2d 143, 145 (Ala.Cr.App.1991), were sufficient in themselves, or when taken together, to establish the knowledge element necessary to support a finding of constructive possession. Because the appellant was in the nonexclusive possession of the automobile, other evidence was required to show that the appellant knew the cocaine was in the car. Palmer. However, “ ‘[t]he kinds of other evidence or circumstances that could provide the additional support necessary to show possession [were] unlimited and will vary with each case.’ ” Palmer, 593 So.2d at 145, quoting Perry v. State, 534 So.2d 1126 (Ala.Cr.App.1988).
In the appellant’s case, two additional circumstances indicated that the appellant was aware of the cocaine: 1) the ready visibility of the drugs to anyone sitting in the front seat, and 2) the appellant’s flight from the police. See Finch v. State, 553 So.2d 685 (Ala.Cr.App.1989) (evidence of a defendant’s flight is one circumstance that indicates guilt). Since it was undisputed that the appellant was in control of or had access to the front seat area where the cocaine was found, there was sufficient evidence from which the finders of fact could find beyond a reasonable doubt that the appellant was in constructive possession of the drugs.
For the foregoing reasons, the appellant’s conviction is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.