713 So.2d 981 (1997)
Collins Jerome MITCHELL
v.
STATE.
CR-95-2012.
Court of Criminal Appeals of Alabama.
June 20, 1997.
Opinion on Return to Remand October 17, 1997.
Rehearing Denied January 30, 1998.
Certiorari Denied April 17, 1998.
*982 John Bertolotti, Jr., Mobile, for appellant (on original submission).
Collins Jerome Mitchell, pro se (on original submission and on return to remand).
No brief filed for appellee (on original submission).
Gregory Hughes, Mobile, for appellant (on return to remand).
Bill Pryor, atty. gen., and G. Ward Beeson, asst. atty. gen., for appellee (on return to remand).
Alabama Supreme Court 1970785.
McMILLAN, Judge.
The appellant, Collins Jerome Mitchell, was convicted on June 28, 1996, for possession of cocaine, a violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to 15 years' imprisonment; that sentence was split and he was ordered to serve 3 years in the penitentiary, concurrently with a sentence imposed in a federal case in which his probation had been revoked.
He filed his notice of appeal with this Court on July 30, 1996. Appellate counsel was also appointed on the same date. The record was certified as complete and was transmitted on October 2, 1996. On November 6, 1996, counsel for the appellant submitted a brief that appears to have been filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief, however, was not sufficient to comply with Anders v. California, which sets out the guidelines to be followed when counsel finds his client's case to be "wholly frivolous." Anders states:
"[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal, A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the courtnot counsel then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."
386 U.S. at 744, 87 S.Ct. at 1400.
In the present case, the counsel's "brief" does not follow these guidelines because counsel failed to submit any possible arguments that might be raised on appeal. Therefore, this cause is remanded to the trial court with instructions that present appellate counsel be removed from this cause and new counsel be appointed to represent appellant on this appeal. Newly appointed counsel shall obtain the appellate record from former counsel, with the aid and assistance of the circuit clerk, if necessary. Time for filing briefs shall begin to run from the date of new counsel's appointment.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand
McMILLAN, Judge.
The appellant, Collins Jerome Mitchell, was convicted on June 28, 1996, of the possession of cocaine, a violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to 15 years' imprisonment; that sentence was split and he was ordered to serve 3 years in the penitentiary, concurrently with a sentence imposed in a federal case in which his probation had been revoked.
On November 6, 1996, appointed appellate counsel for the appellant submitted a "no-merit" brief; that brief did not comply with Anders v. California, 386 U.S. 738, 87 S.Ct. *983 1396, 18 L.Ed.2d 493 (1967), which sets out the guidelines to be followed when counsel finds his client's case to be "wholly frivolous." Therefore, on June 20, 1997, this court remanded this case to the trial court with instructions that it allow the appellant's present counsel to withdraw and appoint new appellate counsel to represent the appellant. The trial court complied with those instructions; this appeal follows.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal because, he says, the state presented insufficient evidence to sustain his conviction for possession of cocaine. More particularly, he contends that the state failed to prove that he was in constructive possession of the cocaine found beneath the seat of the patrol car in which he had been detained.
The evidence presented by the state tended to show the following: Officer Darryl Williams, of the Mobile Police Department, testified that he was working the evening shift on May 20, 1995. He testified that, before going on duty, he and his partner, Officer Clay Godwin, in accordance with standard police procedure, searched their entire patrol car for any foreign objects. He testified that they found nothing. Officer Williams testified that at approximately 5:30 p.m., they began conducting a traffic checkpoint with other officers for the purpose of checking driver's licenses and determining whether drivers were intoxicated. He testified that the checkpoint, located at one end of a bridge was not visible from the other end of the bridge. At approximately 7:20 p.m., he observed a vehicle with two occupants "topping" the bridge. The driver of the vehicle was Tony Bridges, and his passenger was the appellant, Collins Jerome Mitchell. He testified that when the vehicle topped the bridge, it stopped and began to reverse direction. Officer Williams testified that he and Officer Godwin stopped the vehicle in their patrol car. He testified that as he approached the car on foot, he observed the appellant was "squirming around in his seat." He testified that he conducted a patdown of the appellant for weapons. The patrolman did not include a search of the appellant's crotch area. He testified that he then secured the appellant in the backseat of the patrol car on the passenger side, returned to Bridges's vehicle and conducted the same procedure on Bridges. Officer Williams testified that he asked Bridges if there were any weapons or drugs in his car and he replied that there were not. He testified that he then asked Bridges if he could search his car and he consented. The search of the car yielded two marijuana cigarettes; Bridges was then arrested. Officer Williams testified that he then ran a check for outstanding warrants on the appellant, and that there were none. He testified that as he was preparing to release the appellant, he checked the backseat of his patrol car and found 31 rocks of crack cocaine directly beneath where the appellant had been sitting. The appellant was then arrested. Officer Williams further testified that the appellant and Bridges were the only individuals who had occupied the backseat of the patrol car on that evening. Officer Godwin's testimony revealed the same circumstances.
"`Possession of a controlled substance may be actual, i.e., on the person, or constructive, i.e., not "on the person." Borden v. State, 523 So.2d 508 (Ala.Cr.App.1987). Constructive possession arises in situations where the drugs are found on premises "owned or occupied" by the defendant. Borden.' Moody v. State, 615 So.2d 126, 127 (Ala.Cr.App.1992). In order to prove constructive possession, the state must show that 1) the appellant owned or controlled the premises where the drugs were found, and 2) the appellant had knowledge of the drugs. Moody."

George v. State, 675 So.2d 77, 78 (Ala.Cr.App. 1995).
The appellant's contention that the state failed to prove that he had actual knowledge of the drugs is without merit. It is well-settled law that neither the appellant's presence in the automobile, Ex parte Story, 435 So.2d 1365,1366 (Ala.1983), nor his close proximity to the controlled substance, Palmer v. State, 593 So.2d 143, 145 (Ala.Cr.App. 1991), was sufficient, either alone or taken together, to establish the knowledge element necessary to support a finding of constructive possession. Because the appellant was in the *984 nonexclusive possession of the patrol car, other evidence was required to show that the appellant knew the cocaine was in the car. However, "[t]he kinds of other evidence or circumstances that could provide the additional support necessary to show possession [are] unlimited and will vary with each case." Palmer v. State, 593 So.2d 143 (Ala.Cr.App. 1991). See also Perry v. State, 534 So.2d 1126 (Ala.Cr.App.1988) and Bright v. State, 673 So.2d 851 (Ala.Cr.App.1995). Furthermore, knowledge is usually established by circumstantial evidence. See Rowell v. State, 666 So.2d 830 (Ala.1995); Ward v. State, 484 So.2d 536 (Ala.Cr.App.1985).
Here, additional circumstances existed from which the appellant's knowledge of the presence and control of the cocaine could be inferred: (1) the appellant's flight from the police, George v. State, supra, and (2) the appellant's suspicious behavior as the police officers initially approached the vehicle.
"`"When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, along with any other incriminating evidence, the issue of the defendant's guilt should be submitted to the jury." Radke v. State, 292 Ala. 290, 292, 293 So.2d 314, 316 (Ala.1974). This Court will not set aside a conviction on the grounds of the insufficiency of the evidence unless "`allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.'" Walters v. State, 585 So.2d 206, 210 (Ala.Cr.App. 1991) (quoting Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.), cert. quashed, 378 So.2d 1173 (Ala.1979)).' Coslett v. State, 641 So.2d 302, 306 (Ala.Cr.App. 1993)."
W.L.L. v. State, 649 So.2d 1335, 1336-38 (Ala. Cr.App.1994).
Because there was sufficient evidence to present the case to the jury on the issue of the appellant's constructive possession of the cocaine, the trial court did not err in denying the appellant's motion for a judgment of acquittal.
The judgment in this case is due to be affirmed.
AFFIRMED.
All judges concur.