I respectfully dissent from the opinion reversing Tiller's conviction for trafficking in cocaine on the basis that the State failed to establish that she constructively possessed the cocaine that was thrown from the vehicle in which she was a passenger.
In reviewing a sufficiency-of-the-evidence issue, we are required to view the *Page 315 
evidence in a light most favorable to the State, see Ex parte Woodall,730 So.2d 652, 658 (Ala. 1998). The evidence before the jury showed the following: A Ford Explorer vehicle in which Tiller was a passenger led police on a high-speed chase through Dothan. The vehicle was driven by Darron O'Shawn Marshall, who lived with Tiller. During the chase, a large shopping bag containing packaged "cookies" of crack cocaine was thrown from the driver's window of the vehicle. Police also found a clear plastic bag containing powder cocaine on a street corner around which the vehicle had driven during the chase. Marshall's fingerprints were on the clear plastic bag, and the powder cocaine in the plastic bag was not concealed inside any other kind of container. After the vehicle crashed, Tiller got out and fled into the backyard of a residence; she continued to run as the police pursued her on foot. Based on this evidence, the Court of Criminal Appeals, by an unpublished memorandum with no dissents, held that the evidence was sufficient to establish that Tiller had been knowingly in constructive possession of the cocaine and thus that the evidence was sufficient to sustain her conviction for trafficking in cocaine. I agree.
I believe that this Court, in reversing the judgment of the Court of Criminal Appeals, fails to accord the State "all legitimate inferences,"Ex parte Woodall, 730 So.2d at 658, from the evidence. The majority opinion appears to downplay the weight of the evidence indicating that Tiller was in fact a passenger in the Ford Explorer vehicle that led police on the chase. However, Officer Lee testified that he saw two persons in the vehicle before the chase began. The vehicle was driven by Marshall, with whom Tiller lived. Shortly after the vehicle crashed, Tiller was apprehended near the scene of the wreck, running through a residential backyard, from the police. In view of these facts, I find ample circumstantial evidence for the fact-finder to reasonably infer that Tiller was a passenger in the vehicle.
The evidence pointing to Marshall as "the actual possessor of the cocaine" (majority opinion, 796 So.2d at 313) is not dispositive of the question whether Tiller had constructive possession of the drugs, since "possession of controlled substances is susceptible to joint commission."Finch v. State, 553 So.2d 685, 688 (Ala.Crim.App. 1989). Although the evidence showed that the shopping bag containing the packaged crack cocaine was thrown from the driver's window of the vehicle during the chase, the shopping bag contained a substantial amount of cocaine (approximately 350 grams) and was large enough to be apparent to occupants of the vehicle other than the driver. Moreover, the clear plastic bag of powder cocaine — which, it is reasonable to infer, was also thrown from the vehicle during the chase — was not concealed inside any other kind of container when it was found on the roadside. One could also reasonably infer that the contents of the clear plastic bag were readily visible to occupants of the vehicle other than the driver. From Tiller's knowledge of the contents of the plastic bag, one could infer that she knew the contents of the shopping bag. As a passenger in the vehicle, Tiller would have had access to, and the ability to exercise control over, the front-seat area of the vehicle. Finally, unlike the majority, I find Tiller's flight from the wrecked vehicle — and from the police — to be a circumstance strongly linking her to the cocaine that had been in the vehicle. The flight gives rise to an inference of guilty knowledge, and a jury could have reasonably concluded that Tiller knew of the cocaine. See, e.g., George v. State,675 So.2d 77, 78 (Ala.Crim.App. 1995); Finch, 553 So.2d at 688. *Page 316 
It is not the function of this Court to substitute its judgment for that of the jury. Ex parte Woodall, 730 So.2d at 658. Because I believe the evidence, viewed in a light most favorable to the State, was sufficient to establish Tiller's constructive possession of the cocaine, I would affirm the judgment of the Court of Criminal Appeals affirming Tiller's conviction for trafficking in cocaine.
See, J., concurs.