A jury convicted Norman Pettibone of third-degree robbery. The trial court sentenced him to 99 years' imprisonment as a habitual felony offender. The Court of Criminal Appeals affirmed his conviction and sentence by an unpublished memorandum. Pettibonev. State (No. CR-01-0159, May 24, 2002), 860 So.2d 914
(Ala.Crim.App. 2002) (table). This Court granted certiorari review to determine whether the Court of Criminal Appeals erred in refusing to appoint new appellate counsel for Pettibone after his lawyer filed a brief pursuant to Anders v. California,386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons discussed below, we reverse the judgment of the Court of Criminal Appeals and remand.
On July 10, 1998, Pettibone was indicted for first-degree robbery, a violation of § 13A-8-41, Ala. Code of 1975, for the March 5, 1998, robbery of Moe's Big Rose gas station in Loxley. In August 1999, a jury convicted Pettibone of the lesser-included offense of third-degree robbery, and the trial court sentenced him, as a habitual felony offender, to 99 years in prison. Pettibone appealed to the Court of Criminal Appeals, which affirmed his conviction and sentence. Pettibone v. State (No. CR-99-0024, February 18, 2000), 805 So.2d 792 (Ala.Crim.App. 2000) (table). Pettibone filed a postconviction petition in accordance with Rule 32, Ala. R.Crim. P., in the Baldwin Circuit Court. The trial court granted the petition, vacated Pettibone's conviction, and restored Pettibone's robbery case to the court's docket. *Page 279 
On October, 3, 2001, Pettibone had a second jury trial on the charge of third-degree robbery. In cross-examining a defense witness, the prosecutor twice referred to Pettibone's conviction in the first trial for the offense for which he was being tried. Pettibone's attorney objected. The trial court sustained the objection and instructed the jury to disregard the two questions. Pettibone's attorney then moved for a mistrial; the trial court denied the motion. The jury found Pettibone guilty of third-degree robbery. The trial court again sentenced him to 99 years in prison and ordered him to pay several fines. Pettibone appealed.
On appeal, Pettibone's court-appointed counsel filed anAnders brief, in which he stated that there were not any meritorious issues to present for review. Pursuant to Anders, the Court of Criminal Appeals then allowed Pettibone the opportunity to identify what he considered to be appealable issues. See Anders, 386 U.S. at 744, 87 S.Ct. 1396. Pettibone, proceeding pro se, listed seven issues for review on appeal, including his argument that the trial court should have granted his motion for a mistrial because of the prosecutor's references to his prior conviction. The Court of Criminal Appeals held that all of those issues were without merit and affirmed Pettibone's conviction and sentence without an opinion and without ordering that new appellate counsel be appointed. Pettibone then petitioned this Court for certiorari review.
In his certiorari petition, Pettibone raises seven issues that he argues warrant the reversal of his conviction and sentence. Our review focuses on whether Pettibone presented any meritorious issue entitling him to the appointment of new appellate counsel before the review by the Court of Criminal Appeals. In hisAnders brief, Pettibone's former attorney stated that two issues had been preserved for review; one of those issues was whether the trial court had erred in not granting Pettibone's motion for a mistrial after the prosecutor twice referred to Pettibone's prior conviction in a previous trial for the same offense. Instead of arguing that the prejudicial effect of the prosecutor's references was ineradicable, Pettibone's attorney concluded that the issue was "arguably cured by the trial court during the trial" and stated that "counsel can find no meritorious issue" to present for appeal.
The State argues that the prosecutor's statements "probably went unnoticed by the jury" and that even if the jury noticed the statements, the trial court's curative instruction to the jury to disregard the statements regarding the prior conviction "were sufficient to eradicate any alleged prejudice." However, the Court of Criminal Appeals has considered statements of this type to be highly prejudicial and worthy of appellate review. InFrazier v. State, 632 So.2d 1002 (Ala.Crim.App. 1993), the Court of Criminal Appeals stated:
 "[I]t is reversible error for the prosecutor to comment on the result of a defendant's previous trial at a subsequent trial for the same offense. . . . `[W]e are hard pressed to think of anything more damning to an accused than information that a jury had previously convicted him for the crime charged.'"
632 So.2d at 1007 (quoting United States v. Attell,655 F.2d 703, 705 (5th Cir. 1981)). The Court of Criminal Appeals also held in Gillespie v. State, 549 So.2d 640 (Ala.Crim.App. 1989), that the trial court's curative instructions to the jury regarding improper statements made by the prosecutor indicating that the defendant had committed similar crimes were not "sufficient to eradicate the impression created in the minds of the jurors by the questions and insinuations *Page 280 
injected by the prosecutor." 549 So.2d at 645.
In Anders, the United States Supreme Court outlined the procedure an appellate court should follow once an attorney files an Anders brief.
 "[T]he court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."
Anders, 386 U.S. at 744, 87 S.Ct. 1396. The Court of Criminal Appeals has followed the Anders dictate and ordered new appellate counsel appointed when, after reviewing the merits of the case, it determined that further appellate proceedings were required. In Fleming v. State, 625 So.2d 1195 (Ala.Crim.App. 1993), the Court of Criminal Appeals, after it reviewed theAnders brief and determined that one issue noted in that brief warranted further briefing, ordered the trial court to appoint new appellate counsel for the defendant. See also Mitchell v.State, 713 So.2d 981 (Ala.Crim.App. 1997) (where new counsel was appointed to represent the defendant on appeal because theAnders brief was deficient); Lochli v. State, 555 So.2d 308
(Ala.Crim.App. 1989) (where new counsel was appointed because of former counsel's failure to file brief on appeal).
After reviewing the record in this case and the applicable caselaw, we conclude that at least one issue in this case — whether Pettibone was entitled to a mistrial based upon the prosecutor's references in this trial to Pettibone's prior conviction in a previous trial for the same offense — is arguable on its merits and warrants further briefing.[1] Therefore, we reverse the judgment of the Court of Criminal Appeals and remand the case for the Court of Criminal Appeals to instruct the trial court to appoint new appellate counsel to represent Pettibone.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] When further appellate proceedings are required, thenAnders mandates that new counsel must be appointed for an indigent defendant to argue the appeal for him. 386 U.S. at 744,87 S.Ct. 1396. See also Ex parte Sturdivant, 460 So.2d 1210,1212 (Ala. 1984).