COBB, Judge,
concurring in part and dissenting in part.
I respectfully dissent from that portion of the unpublished memorandum stating that the trial court’s failure to give a jury charge requested by the appellant, Ralph Ashton Beavers, on the lesser offense of possession of a prescription drug and its giving the State’s requested charge on constructive possession were not preserved because the record does not disclose Beavers’s specific grounds in support of these requested charges.
Beavers was convicted of five counts of trafficking in illegal drugs, violations of § 13A-12-231(3)a, Ala.Code 1975.[1] Succinctly, on five separate occasions, Beavers forged prescriptions for Oxycontin and had *468 those forged prescriptions filled at pharmacies. Each of the five forged prescriptions were for 60 40-milligram Oxycontin tablets. He was sentenced to serve in prison 5 concurrent 18-year sentences.
Beavers argues on appeal that the trial court erred in overruling his objection to the court’s grant of the State’s request to charge the jury on constructive possession as follows:
“Constructive possession is possession of a substance where actual possession at the time of the arrest cannot be shown but where there is an inference that there has been possession one time, which is exceedingly strong.”
(C.R. 41-42.)
Beavers also argues on appeal that the trial court erred in refusing his request to charge the jury on § 34-23-7, Ala.Code 1975, as a lesser-included offense. Section 34-23-7, Ala.Code 1975, states:
“Any person found in possession of a drug or medicine limited by law to dispensation by a prescription, unless such drug or medicine was lawfully dispensed, shall be guilty of a misdemeanor and, upon conviction, shall be fined not more than $1,000.00 and, in addition thereto, may be imprisoned in the county jail for hard labor for not more than one year. This section shall not apply to a licensed pharmacy, licensed pharmacist, wholesaler, manufacturer or his representative acting within the line and scope of his employment, physician, veterinarian, dentist or nurse acting under the direction of a physician, nor to a common carrier or messenger when transporting such drug or medicine in the same unbroken package in which the drug or medicine was delivered to him for transportation.”
The unpublished memorandum holds that these issues were not preserved for appellate review because, it reasons, the charge conference, wherein these charges were apparently discussed, was not transcribed, “and neither Beavers nor the trial court stated for the record the grounds of the objections when the charge conference was later mentioned.” It cites Rule 21.3, Ala. R.Crim. P.; Greenhill v. State, 746 So.2d 1064 (Ala.Crim.App.1999); Sanders v. State, 683 So.2d 14 (Ala.Crim.App.1996); Chavers v. State, 714 So.2d 341, 346 (Ala. Crim.App.1997); and Hagood v. State, 588 So.2d 526 (Ala.Crim.App.1991).
It is undisputed that these objections were raised at the charge conference because at the close of the defense’s case, the following discussion was had outside of the presence of the jury.
“MR. HENDERSON [defense counsel]: We are going to rest.
“THE COURT: Just for the record, I went over the charge conference with the attorneys. Counsel for the defendant wanted me to put on a lesser included offense. It was under Title 34-23-7 which is the charge of illegal possession of illegal drugs. The state referred me to the case of—
“MR. BRADLEY [the prosecutor]: Roger v. State [619 So.2d 946 (Ala.Crim.App.1993) ].
“THE COURT: 619 So.2d 946, and that was a Court of Criminal Appeals case. I denied the defendant’s motion to include or his request to include that as a lesser included offense. And he will — we don’t need to cover this now, we can cover it later, but he also mentioned problems about charges on constructive possession but we can mention that when we are through.
“MR. HENDERSON: May I make one comment on Roger v. State? I think *469 what is an important issue here in the case at bar as compared to Roger v. State, I think there was a definite — or the facts were established that he definitely possessed more than 28 grams of cocaine here. I don’t feel that that — or the fact that there was four or more grams of any opiate or derivative thereof has been established here beyond a reasonable doubt, which is the standard that is required, to prove that that amount actually existed. Everything that was testified about the weight is a hypothetical. I would take exception to Your Honor not allowing the illegal possession of a prescription.
“THE COURT: Actually, there was testimony dealing with the amount of pills, that they were each 40 milligrams, I think. I forget how much each one of them weighed, but by the time you got through with the number of pills, it was actually closer to eight grams, so there is sufficient evidence. Actually there was another case, Cano v. State, 543 So.2d 724 [ (Ala.Crim.App.1989) ], also a Court of Criminal Appeals case. The defendant mentioned that one as well.
“Bring them in.
“(Open court, jury present.)”
(R. 491-93.)
First, I believe that the above comments were sufficient to advise the trial court of Beavers’s grounds in support of his request for a charge on a lesser-included offense. Moreover, the trial court’s reference to the caselaw discussed in the charge conference suggests that the trial court understood those grounds.
The record is less obvious regarding the grounds supporting Beavers’s objection to the State’s requested charge on constructive possession. However, I believe that the above, considered together with the following, which transpired after the trial court had concluded its jury instructions, suggests that the trial court understood the ground underlying both objections and that both objections were preserved for appellate review.
“[THE COURT:] At this time we will get you to go back to the jury room and one of us will tell you when you can begin those deliberations.
“(Jury exits the courtroom.)
“(Open court, jury not present.)
“THE COURT: What says the defendant? I know you want to reiterate the fact that he did have — he excepted and objected to constructive possession charges and not giving he lesser included offenses as well. Other than that, there is no exceptions; is that correct? “MR. LADNER [the prosecutor]: We’re satisfied.
“MR. HENDERSON [defense counsel]: Yes, sir.
[[Image here]]
“(Jury deliberating.)”
(R. 549.)
Thus, I believe that Beavers’s claims were sufficiently preserved for appellate review. Based on the above, I respectfully dissent.

. "(3) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, four grams or more of any morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, as described in Section 20-2-23(2) or Section 20-2-25(l)a., or four grams or more of any mixture containing any such substance, is guilty of a felony, which felony shall be known as ‘trafficking in illegal drugs.’ If the quantity involved:
"a. Is four grams or more, but less than 14 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of fifty thousand dollars ($50,000).” (footnote cont’d.) *468 § 13A-12-231(3)a, Ala.Code 1975.